IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAPTAIN TOMAS BUSTO-ÁLVAREZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> NFENERGIA LLC, PUERTO RICO HARBOR PILOT COMMISSION AND JESSICA ÑECO-MORALES, <br><br> Defendants. | CIV. NO.: 25-1462 (SCC) |

**ORDER**

Before the Court is Plaintiffs' request for a temporary restraining order ("TRO"). Docket No. 13, ¶¶ 78, 80, 82. [1] According to Plaintiffs, on an unknown date, they reached an agreement with Defendant NFENERGIA LLC ("Defendant NFE") regarding the movement of vessels carrying liquefied natural gas ("LNG"). Plaintiffs, however, claim that Defendant NFE strayed from that agreement when it cut ties with the company that provides the four tugboats that meet the requirements to safely escort and maneuver the LNG vessels in and out of the San Juan Bay. Because it appears that only

---

[1] Plaintiffs also request injunctive relief regarding their claim that the cease-and-desist letter issued by the President of the Puerto Rico Pilot Commission is null and void. But that request is limited to the requests for preliminary and permanent injunctions. Therefore, the Court does not address that claim here.

tugboats that do not meet the criteria set forth in the agreement will be taking over for the tugboats that are on their way out, Plaintiffs ask the Court to enjoin Defendant NFE "from removing the [four] tugs from [the] San Juan Bay until all parties involved, including the pilots, [Defendant] NFE, and the entities that provide tug services, agree on the equipment to be used after being empirically tested with valid and peer-reviewed simulations for safe navigation in the San Juan Bay." Docket No. 13, ¶ 78.

A TRO, contrary to a preliminary injunction, may be issued *ex parte* and is of limited duration. Further, a TRO is intended, *inter alia*, to maintain the *status quo* and prevent irreparable harm until a hearing is held. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & AutoTruck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). At this time, however, the Court understands that it has not been put in a position to ascertain the irreparable harm that would call for the issuance of a TRO.[2] Therefore, Plaintiffs' request for a TRO is **DENIED.**[3]

---

[2] For example, the Court does not know when the tugboats will be removed from the San Juan Bay or when the LNG vessels will be arriving (or leaving) the San Juan Bay.

[3] Generally, requests for injunctive relief are advanced by separate motion. Here, Plaintiffs deviated from that general practice. Instead, they included their request for a TRO in their "Verified Amended Complaint." Docket No. 13, ¶¶ 78, 80, 82. Now, Federal Rule of Civil Procedure 65(b)(1)(A) states that

Busto-Alvarez, et al. v. NFEnergia LLC, et al.                                    Page 3

Nevertheless, in their Verified Amended Complaint, Plaintiffs also requested the issuance of a preliminary injunction and they have also requested a preliminary injunction hearing, Docket No. 10. Accordingly, the Court will hold a preliminary injunction hearing tomorrow, **September 16 at 2:30 p.m**.

In preparation for that hearing, the Parties are instructed to:

(1) Submit exhibits, with an accompanying exhibit list, in electronic format, on a USB drive by **12:00 p.m. on September 16, 2025**. The undersigned's Courtroom Deputy will be emailing counsel with further instructions regarding this matter;

(2) File a Joint Motion including: **(a)** joint stipulations of fact, **(b)** factual stipulations proposed by the Plaintiffs and rejected by the Defendants,[4] **(c)** factual stipulations

---

a TRO may issue if the Court based its ruling on, *inter alia* "specific facts in an affidavit or verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [.]" Fed. R. Civ. P. 65(b)(1)(A). Here, the Court understands that rule to mean that, instead of waiting for the filing of a separate motion, because the complaint was verified, it could be used to evaluate whether the TRO should issue.

[4] If Defendants reject a proposed stipulation, they must provide an explanation, with the relevant supporting authority, regarding why the proposed stipulation was rejected.

Case 3:25-cv-01462-SCC   Document 14   Filed 09/15/25   Page 4 of 4

Busto-Alvarez, et al. v. NFEnergia LLC, et al.                                    Page 4

proposed by the Defendants and rejected by the Plaintiffs,[5] and **(d)** a witness list, including summaries of the expected testimonies;

(3) Submit, by way of motion, any evidentiary matters that the Parties anticipate may arise during the hearing, *e.g.*, authentication issues; and

(4) While the record shows that Defendants were served, Docket No. 8, they have yet to appear. To that end, Defendants must file their appearances by **COB on September 15, 2025 (today).**

The Parties have until **1:00 p.m. on September 16, 2025** to comply with items (2) and (3) of this list.

Lastly, Plaintiffs are **ORDERED** to <u>immediately</u> notify this Order and forward the email (once sent) by the undersigned's courtroom deputy to the Defendants.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of September 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

[5] Likewise, if Plaintiffs reject a proposed stipulation, they must provide an explanation, with the relevant supporting authority, regarding why the proposed stipulation was rejected.