IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAPT. JAKE ELMSTROM, et al<br><br>Plaintiff,<br><br>vs.<br><br>NFENERGIA LLC, et al<br><br>Defendants | CIVIL NO. 25-cv-1462 (SCC) |

### NOTICE ON REQUEST TO BE HEARD ON ANY APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE COURT:

Defendant NFEnergia LLC, through the undersigned attorney, respectfully informs and prays as follows:

1. In this matter the Court has convened an evidentiary Hearing on the Plaintiffs' Motion for preliminary injunction. The hearing was set to continue today for further presentation of witnesses and exhibits. Defendant was ready to present several witnesses and documentary evidence in support of its opposition to demonstrate that the Plaintiffs have alleged and presented erroneous, false, misleading and incomplete evidence in support of their claims.

2. The evidentiary proceedings have now been adjourned until September 25, 2025, due to the withdrawal of counsel for two co-defendants. Prior to the close of today's hearing, Plaintiffs' counsel stated that there was a high likelihood that Plaintiffs would seek a Temporary Restraining Order (TRO) regarding the upcoming departure and the entry of LNG tankers within the Port of San Juan. In the colloquy with Plaintiffs' counsel, counsel suggested that the application for a TRO could be presented and heard on an emergency ex-parte basis. Counsel for Defendant stated for the record that it would be vigorously opposing any such request. By way of this Court's Order dated September

15, 2025 ECF Doc. 14, the Court denied Plaintiffs' previous request for a TRO because Plaintiffs failed to provide evidence of irreparable harm. For the same reasons, Defendant respectfully submits that any further application for a TRO should likewise be denied.

3. In an abundance of caution and to avoid all doubt, Defendant would submit that any ex-parte application would be improper and violative of Fed. R. Civ. P. Rule 65(b)(1). Defendant has been actively participating in this matter even prior to receiving proper notice of these proceedings. It is prepared to present its case in opposition, and would have done so today but for the aforementioned adjournment. Defendant's evidence is robust and supported by the applicable law. It is also prepared to firmly rebut any suggestion that the scheduled movement of tanker vessels in the Port of San Juan creates an emergency situation that warrants the issuance of a TRO. Defendant NFEnergia should be entitled to present its full evidence on this point. Again, Defendant submits that there is no emergency created or existing within the Port of San Juan at this time and all vessel movements proceed properly under established United States Coast Guard Captain of the Port Orders set specifically for <u>these</u> vessels, and related Rules and Regulations. Defendant is prepared to vigorously respond to any request from Plaintiffs for a TRO and establish that any such application would upset and disturb the ordinary entry and departure of the subject vessels, and the consequential disruption of the supply of fuel directed to energy production would be bereft of any proper technical evidence, and would constitute an erroneous representation of the full facts in this matter. The proper interpretation of Maritime Safety Rules of Navigation, and well-established law on equitable relief in Federal Courts dictate that a TRO is inappropriate in these circumstances.

4. Defendant is prepared to appear as necessary to oppose and defeat any motion for emergency relief.

- 3 -

5.	Finally, if the Court were to grant a TRO or preliminary injunction it will result in extensive financial losses for the Defendant and innocent third-parties including the tug owners, PREPA, which is dependent upon timely gas supply, and members of the public of Puerto Rico which may suffer loss of electrical power or otherwise be impacted. Accordingly, if the Court issues a TRO or preliminary injunction, the Plaintiffs, who are private individuals, will have to provide a significant sum of security against damages sustain by any party, including third parties, found to have been wrongfully enjoined or restrained, in compliance with Rule 65(c) which provides that such an "[o]rder only if the movant gives security in the amount the court considers proper to pay the cost and damages sustained by any party found to have been wrongfully enjoined and restrained".

**WHEREFORE**, Defendant requests that it be permitted to fully participate in any emergency application for equitable relief sought by Plaintiffs and be extended an opportunity to present its opposition and rebuttal prior to the entry of any Order by this Court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 17th September 2025.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing automatically to all counsel of record.

*s/J. Ramón Rivera-Morales*
J. Ramón Rivera-Morales
USDC-PR 200701
Midtown Building 4th Floor
420 Ponce de León Ave.
San Juan, PR 00918
Tel. 787-510-8090
rrivera@jgl.com