IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAPT. JAKE ELMSTROM, et al<br><br>Plaintiff,<br><br>vs.<br><br>NFENERGIA LLC, et al<br><br>Defendants | CIVIL NO. 25-cv-1462 (SCC) |

## MOTION TO ALLOW POST-PRELIMINARY INJUNCTION HEARING BRIEFING

TO THE HONORABLE COURT:

Defendant NFEnergia LLC ("NFE"), through the undersigned attorney, respectfully informs and prays as follows:

1. In this matter, Plaintiffs have requested this Honorable Court for the extraordinary remedy of effectively halting LNG operations in San Juan Harbor, relief that would endanger the Island's energy security and contradict the regulatory framework established by both federal and Commonwealth authorities. The Court has already convened an evidentiary Hearing on the Plaintiffs' Motion for preliminary injunction, which is set to continue on Thursday, September 25, 2025, for further presentation of witnesses and exhibits. Because of the extraordinary consequences of Plaintiffs' requested relief, this Honorable Court should allow post-hearing briefing to ensure full analysis of the complex factual and legal issues.

2. Preliminary injunctions are drastic and extraordinary remedies requiring the most careful evidentiary process. *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 312 (1982) ("In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."). Because Plaintiffs' request would effectively halt LNG deliveries vital to Puerto Rico's power system, post-hearing briefing is indispensable to ensure the Court's ruling is grounded in the complete factual and legal record NFE respectfully

- 2 -

requests that the Honorable Court withhold ruling on Plaintiffs' requests until the Court has the benefit of post-hearing briefing.

3. Furthermore, this case implicates admiralty law, Puerto Rico's Harbor Pilot Commission Act (Law 226-1999), U.S. Coast Guard regulatory authority, and alleged contractual obligations. Written briefs are necessary to align the extensive factual record with these overlapping frameworks. Written submissions will also sharpen the legal issues, aid the Court's findings under Fed. R. Civ. P. 52(a)(2), and preserve them for appeal.

4. Thus, we respectfully request that each party be allowed to file simultaneous post-hearing briefs within ten (10) days after the hearing transcript is available, with optional replies seven (7) days thereafter.

**WHEREFORE**, for the foregoing reasons, and in light of the extraordinary consequences of Plaintiffs' requested relief, NFE respectfully requests that the Court establish a post-hearing briefing schedule of ten (10) days after the transcript is available, with optional replies seven (7) days thereafter.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 19th September 2025.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing automatically to all counsel of record.

*s/J. Ramón Rivera-Morales*
J. Ramón Rivera-Morales
USDC-PR 200701
Midtown Building 4th Floor
420 Ponce de León Ave.
San Juan, PR 00918
Tel. 787-510-8090 email: rrivera@jgl.com