## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**CAPT. JAKE ELMSTROM, et al.,**

Plaintiffs

v.

**NFENERGIA LLC, et al.**

Defendants

CIVIL NO.: **25-1462 (SCC)**

**RE: COMPLAINT; PRELIMINARY AND PERMANENT INJUNCTION; DECLARATORY JUDGMENT**

### MOTION TO INTERVENE ON BEHALF OF THE PUERTO RICO ELECTRIC POWER AUTHORITY AND THE PUERTO RICO PUBLIC–PRIVATE PARTNERSHIPS AUTHORITY

**TO THE HONORABLE COURT:**

**COMES NOW** the Puerto Rico Electric Power Authority ("PREPA"), and the Puerto Rico Public–Private Partnerships Authority ("P3A"), through their undersigned counsel, and respectfully **STATES** and **PRAYS**:

1.      Pursuant to Rule 24 of the Federal Rules of Civil Procedure, PREPA seeks leave to intervene in this action. PREPA is the public corporation and governmental instrumentality of the Commonwealth of Puerto Rico created by Act No. 83 of 1941, as amended and charged with the non-delegable duty of supplying reliable and affordable electric service to the residents of Puerto Rico.

2.      PREPA owns all of Puerto Rico's electric generation, transmission, and distribution assets, and although certain operational functions are presently carried out by private contractors under Operation and Maintenance Agreements, PREPA retains ownership of the assets and ultimate legal responsibility for the continuity of service under Act 83-1941, Act 120-2018, Act 17-2019, and Act 57-2014.

3.     P3A is a public corporation created under Act 29-2009, as amended, and serves as the Administrator of the public–private partnerships governing Puerto Rico's electric system. As Administrator, P3A is the counterparty to the Operation and Maintenance Agreements ("OMAs") executed with LUMA Energy (T&D operator) and Genera PR (generation operator). These contracts implement Puerto Rico's statutory framework for energy transformation and charge P3A with ensuring that private operators comply with the Commonwealth's public policy of reliable and safe electric service.

4.     This case directly affects PREPA's and P3A's ability to discharge their statutory and contractual duties. The dispute involves the maneuvering of liquefied natural gas ("LNG") carriers into and out of San Juan Bay, which is the sole entry point for the fuel required to operate PREPA's San Juan generating facilities. At present, the northern region of Puerto Rico has no LNG inventory. Any delay or inability of LNG carriers to safely enter the Port of San Juan will prevent PREPA from operating its LNG-fueled units, leaving Puerto Rico exposed to immediate blackouts and forcing reliance on costly and unsustainable diesel generation.

5.     The consequences of not allowing LNG vessels to enter the harbor are severe and immediate. The San Juan power station provides a significant portion of the electricity consumed in northern Puerto Rico, including the metropolitan area of San Juan where nearly half the Island's population and its

principal hospitals, water pumping stations, and government facilities are located.

6.     Even if PREPA were forced to operate its San Juan units on diesel fuel, such a switch is neither sustainable nor reliable. These units were converted for LNG use and while technically dual-fuel capable, extended diesel combustion places extraordinary stress on turbines, boilers, and emission control equipment. The result is accelerated wear, increased risk of unplanned outages, and a significant likelihood of mechanical failure. In addition, diesel combustion generates far higher levels of particulates and sulfur dioxide, exposing PREPA to environmental non-compliance and regulatory penalties. Thus, reliance on diesel is not a viable substitute, and any delay in LNG deliveries creates an imminent risk of cascading outages in northern Puerto Rico.

7.     Intervention is warranted as of right under Rule 24(a)(2). PREPA and P3A have a direct, substantial, and legally protectable interest in the safe and timely entry of LNG carriers into San Juan Bay, because without such deliveries the Government cannot maintain essential electric service. Disposition of this action without their participation would impair its ability to protect that interest, and no existing party adequately represents the Government's unique statutory role.

8.     Neither the harbor pilots, who initiated this action, nor the defendants, who are primarily concerned with contractual and regulatory

disputes, represent P3A's and PREPA's obligation to ensure that 1.4 million customers continue to receive electric service.

9.    Alternatively, Rule 24(b)(2) provides a separate basis for intervention. PREPA and P3A qualify as a governmental agency administering statutes, executive orders, and agreements that are directly implicated in this litigation. The claims and defenses in this action concern LNG deliveries, which are essential for compliance with Puerto Rico's statutory energy policy framework, including Acts 83-1941, 120-2018, 17-2019, and 57-2014, and the O&M Agreements executed pursuant to those statutes. Because this litigation bears directly on P3A's and PREPA's ability to comply with those statutory mandates, permissive intervention under Rule 24(b)(2) is warranted.

10.    In light of the foregoing, PREPA and P3A respectfully request that this Honorable Court grant its Motion to Intervene as of right pursuant to Rule 24(a)(2), or in the alternative, grant permissive intervention under Rule 24(b)( 2), and allow PREPA and P3A to participate fully in all proceedings in this case, including hearings on injunctive relief.

**WHEREFORE**, Plaintiffs respectfully request from this Honorable Court to **GRANT** the instant motion and, consequently, grant PREPA and P3A's request to intervene.

**RESPECTFULLY SUBMITED**

In San Juan, Puerto Rico this 29th day of September 2025.

**GONZÁLEZ & MARTÍNEZ**
1509 Lopez Landron, Bldg.
 Seventh Floor
San Juan, P.R. 00911
Tel.: (787) 274-7404
e-mail: jmartinez@gmlex.net


**S/JUAN M MARTÍNEZ NEVÁREZ**
**JUAN M MARTÍNEZ NEVÁREZ**
USDC-PR 221108
