THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAPT. JAKE ELMSTROM et al., <br><br> Plaintiff <br><br> V. <br><br> NFENERGIA LLC, A NEW FORTRESS ENERGY SUBSIDIARY et al., <br><br> Defendants | CIVIL NO.:   25-1462 (SCC) |

**OPPOSITION TO MOTION TO INTERVENE AT DOCKET 64**

TO THE HONORABLE COURT:

COME NOW plaintiffs, through the undersigned attorney, and very respectfully oppose PREPA's (and P3A's) motion to intervene at docket 63 for the grounds set forth below:

PREPA and P3A (collectively referred to hereinafter as "PREPA") claim to have a right to intervene pursuant to F.R.C.P. Rule 24(a)(2). *See* docket 63, p. 3, ¶ 7. Alternatively, PREPA claims a right to intervene under Rule 24(b)(2). *See* docket 63, p. 4, ¶ 9. Both arguments fail.

**Intervening under F.R.C.P. Rule 24(a)(2)**

Rule 24(a)(2) permits anyone to intervene as a matter of right who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See* F.R.C.P. Rule 24(a)(2). To intervene as a matter of right, the following four conditions must be met:

1.  The application must be timely (a factor not challenged here);

2. The applicant must claim an interest relating to the property or transaction which is the subject of the action;

3. Disposition of the action may, as a practical matter, impair or impede that applicant's ability to protect the interest; and

4. The applicant must show that the interest will not be adequately represented by existing parties.

*Conservation L. Found. of New Eng., Inc. v. Mosbacher,* 966 F.2d 39, 41 (1st Cir. 1992), citing *Travelers Indem. Co. v. Dingwell,* 884 F.2d 629, 637 (1st Cir.1989). An "applicant who fails to meet any one of these requirements cannot intervene." *Id.*

As to whether PREPA has "an interest relating to the property or transaction that is the subject of the action," the First Circuit has held that "an intervenor has a sufficient interest in the subject of the litigation where the intervenor's contractual rights may be affected by a proposed remedy. *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.,* 440 F.3d 541, 545 (1st Cir. 2006), citing *Forest Conserv. Council v. United States Forest Serv.,* 66 F.3d 1489, 1495 (9th Cir.1995) and *Harris v. Pernsley,* 820 F.2d 592, 601 (3d Cir.1987). PREPA's motion alleges it has an interest "in the timely entry of LNG carriers in the San Juan Bay, because without such deliveries the Government cannot maintain essential electric service." *See* docket 63, p. 3, ¶ 7. PREPA might have an interest to provide electricity, but has not shown (or even claimed) a contractual right to provide electricity.

Alternatively, any interest PREPA may have are adequately represented by NFEnergia, LLC ("NFE"), who has a contractual obligation to supply LNG. "[W]here the intervenor's ultimate objective matches that of the named party, a rebuttable presumption of adequate representation applies." *B. Fernandez Hnos, Inc.,* 440 F.3d at 546, citing *Daggett v. Comm. on Governmental Ethics & Election Practices,* 172 F.3d 104, 111 (1st Cir.1999) and *Moosehead*

*Sanitary Dist. v. S.G. Phillips Corp.,* 610 F.2d 49, 54 (1st Cir.1979). PREPA's stated reasons to intervene show that its objectives match those of NFE: to bring the LNG vessel into port no matter what.

### Intervening under F.R.C.P Rule 24(b)(2)

Rule 24(b)(2) allows anyone to request to intervene who "has a claim or defense that shares with the main action a common question of law or fact." *See* F.R.C.P Rule 24(b)(2). PREPA argues that "because this litigation bears directly on [its+ ability to comply with [Acts 83-1941, 120-2018, 17-2019, and 57-2014, and the O&M Agreements]," permissive intervention is warranted. *See* docket 63, p. 4, ¶ 9. However, there is no independent jurisdictional basis PREPA's claims against plaintiffs. *See International Paper Co. v. Inhabitants of Town of Jay, Me., 887* F.2d 338, 347 (1st Cir. 1989)("District Court properly denied request for permissive intervention under Rule 24(b) for lack of subject matter jurisdiction.").

PREPA offers no jurisdictional basis for its permissive intervention. PREPA is not a party to the agreement plaintiffs claim was reached with NFE, and therefore cannot rely on this maritime contract to assert a claim. It also fails to point to any federal law as giving rise to its claims, and therefore cannot claim federal question. In fact, according to PREPA, its interests lies in compliance with its ability to comply with "Acts 83-1941, 120-2018, 17-2019, and 57-2014, and the O&M Agreements," which are strictly matters of Puerto Rico law. PREPA cannot claim diversity jurisdiction, as plaintiffs (and PREPA) are domiciled in Puerto Rico.

As this Honorable Court knows, the Plaintiffs do not have a finacial interest in this case. Rather, the Plaintiffs have a statutory duty to protect the public interest by safeguarding the San Juan Bay Harbor, its surrounding communities, and the people of Puerto Rico. As it has been

demostrated in this case with expert testimony, the risks posed by the entry of LNG vessels into the San Juan Harbor are significant, with potentially catastrophic consequences in the event something goes wrong.  PREPA's position to make sides with a private entity and the public interest, represented in this case by the Plaintiffs, is simply an oxymoron.

PREPAs' purpose in this case are twofold.   First, to put political pressue upon this Honorable Court and the Plaintiffs; and second, to mislead this court.  Since last Friday, it was announced that Genera, a subsidiary of NEF, ran out of LNG to operate its power plants.  That's has not been the case.  Enclosed is LUMAS' "power outline" which clearly contradicts what was previously informed.[1]  Every power plant in Puerto Rico has a robust reserve, and the San Juan plant, which is the plant awaiting for the LNG cargo, has a reserve of almost 501 MW.   Thus, said plant is operating at 41% capacity, which clearly shows that Genera can operate the San Juan Plant without LNG.

The intervenors instead of pushig this Honorable Court for setting aside or putting a stay to the TRO issued, shall be putting preasure upon their client, NFE, to obtain the require escort rated 80 MT bollard pull escort rated tugs.  The people of Puerto Rico shall not be exposed to an environmental catastrophe for the bad decision taken by PREPA to retain a company that is in the blink of bankruptcy.

**Conclusion**

1-PREPA  did not participate in the simulations that were conducted in this case;

---

[1] Said information is reported on a daily basis by Luma at https://lumapr.com/
 See  repot as **Exhibit 1**.

2-PREPA did not participate in the permitting process in this case (waterway suitability assessment);

3-PREPA did not participate in the agreement that was reached between the Plaintiffs and NFE;

4-two well known experts in the maritime traffic and safety industry testified about the hazardous of conducting an LNG maneuver without the proper equipment;

5-PREPA do not have standing to oversight and enforce the maritime traffic in the navigable waters of Puerto Rico;

6-PREPA shall not be allowed to make side with a private entity which only has finacial interest in this case ; and,

7-PREPA clearly are not aware nor understands the facts of this case.

Instead of pushig this Honorable Court for setting aside or putting a stay to the TRO issued, PREPA shall be putting preasure upon their client, NFE, to obtain the require escort rated 80 MT bollard pull escort rated tugs to safely transport the LNG in the San Juan Harbor.  PREPA can do that without intervening in this case.

WHEREFORE it is respectfully requested that this Honorable Court deny PREPA's motion to intervene at docket 64.

In San Juan, Puerto Rico, this 30th day of September, 2025.

I HEREBY CERTIFY that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notice of its filing electronically to the attorneys of record.

Respectfully submitted,

**S/ FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
Bar No.: 210510
E-mail: fecolon@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (787) 425-4652
Fax: (787) 425-4731

**NAZARIO BRICEÑO LAW OFFICES, LLC**
Cervantes 82,
San Juan, Puerto Rico 00907
Tel. No. 787-449-2717


By:

 s/ Miguel A. Nazario, Jr.
MIGUEL A. NAZARIO,JR.
 USDC PR No. 214502
 e-mail: man@nblawpr.com