IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAPTAIN TOMAS BUSTO-ALVAREZ, et al.,<br>Plaintiff,<br><br>v.<br><br>NFENERGIA LLC, et al.,<br>Defendants. | Civil No. 25-cv-01462-SCC |

**MOTION FOR CLARIFICATION OF ORDER REQUIRING TESTIMONY OF UNITED STATES COAST GUARD CAPTAIN LUIS J. RODRÍGUEZ**

TO THE HONORABLE COURT:

COMES NOW, the United States Coast Guard (the "Coast Guard"), by and through the undersigned counsel, and respectfully moves this Court to clarify its Order requiring the testimony of the Commander of the United States Coast Guard Sector San Juan and Captain of the Port for San Juan Bay, Captain Luis J. Rodríguez, a Coast Guard employee. In support thereof, the movant states as follows:

1. On October 1, 2025, this Court issued an Order directing that Captain Luis J. Rodríguez, Commander of the United States Coast Guard Sector San Juan and Captain of the Port for San Juan Bay ("USCG Captain Rodríguez"), appear before the Court to provide testimony in the above-referenced matter. DE # 80.

2. Neither the United States nor the Coast Guard are a party to the proceedings.

3. Because the United States is not a party to these proceedings, the Coast Guard has requested assistance from the U.S. Attorney's Office in alerting the Court of applicable regulatory provisions that proscribe expert testimony by Coast Guard employees at trial and that

provide the parameters pursuant to which the Coast Guard must determine whether testimony by its employees is proper and should be authorized under standing regulations.

4. USCG Captain Rodríguez will be appearing for the scheduled proceedings tomorrow at 9:00 AM in Courtroom 6 as required by the subpoena that was served upon him pursuant to the Court's Order. However, at this time and for the reasons explained below, USCG Captain Rodriguez has not been cleared by the Coast Guard to provide testimony.

5. From a Coast Guard regulation standpoint, the Court's Order—which lacks a clear description or delineation of the scope of testimony required of USCG Captain Rodríguez—does not allow the analysis required for the Coast Guard to determine whether the testimony required by the Court should be authorized, including whether USCG Captain Rodríguez would be the witness competent to provide the information requested.

6. In particular, the Order does not specify whether the testimony to be provided will be limited to "facts within that employee's personal knowledge with regard to matters arising out of his or her official duties," or whether the Court is seeking "expert or opinion witness [testimony] with regard to any matter arising out of the employee's official duties or the functions of the Department." *See* 49 CFR § 9.9.

7. The Federal Housekeeping Statute provides that the head of an executive department may prescribe regulations for the conduct of its employees and the custody, use, and preservation of its records, papers, and property. *United States v. Ramos-Guerra*, No. 3:19-CR-0076, 2023 WL 1997420, at *2 (D.V.I. Feb. 14, 2023), appeal dismissed sub nom. *United States v. Cuevas-Almonte*, No. 23-1300, 2024 WL 3886667 (3d Cir. Mar. 15, 2024).

8. The Coast Guard, which is part of the Department of Homeland Security ("DHS"), and its employees are bound by such regulations, commonly known as DHS's *Touhy* regulations.[1] *See* 6 C.F.R. § 5.41 *et seq*.

9. Pursuant to the authority delegated by DHS (6 CFR § 5.41(b)), the Coast Guard adopted separate guidance governing testimony to be provided by its employees and the production of records in legal proceedings. *See* 33 CFR § 1.20-1(a); 49 CFR Part 9.

10. As a rule, under those regulations, Coast Guard employees are prohibited from providing testimony or producing or disclosing Coast Guard material in legal proceedings. *See* 49 C.F.R. § 9.5; *Matter of Trinity Tugs, LLC*, No. 3:24-CV-00327, 2025 WL 729714, at *5 (S.D. Tex. Mar. 7, 2025).

11. This includes a bar on disclosure of any information relating to, or based upon, material contained in the Coast Guard files, or disclosure of any information or production of any material acquired as part of the performance of that employee's official duties or because of that employee's official status.

12. The Coast Guard's *Touhy* regulations further provide that employees are strictly prohibited from ever providing testimony at trial or a court hearing. *See* 49 C.F.R. § 9.9(d) ("An employee shall not provide testimony at a trial or hearing.").

13. Furthermore, pursuant to 49 C.F.R. § 9.9(c), a Coast Guard "employee shall not testify as an expert or opinion witness with regard to any matter arising out of the employee's official duties or the functions of the Department. An employee who is asked questions that call for expert or opinion testimony shall decline to answer on the grounds that it is *forbidden by this part*." Emphasis added.

---

[1] *United States ex rel Touhy v. Ragen*, 340 U.S. 462 (1952) (hereinafter "*Touhy*").

14. "If authorized to testify pursuant to [the Coast Guard's *Touhy*] rules, an employee may testify only as to facts within that employee's personal knowledge with regard to matters arising out of his or her official duties." 49 C.F.R. § 9.9(b).

15. Even then, the Coast Guard may prohibit the employee from testifying as to factual knowledge "when agency counsel determines that the testimony would not be in the best interest of the Department or the United States if disclosed." 49 C.F.R. § 9.9(b)(4).

16. The purpose of these regulations is to "[c]onserve the time of employees for conducting official business," to "[m]inimize the possibility of involving the Department in controversial issues not related to its mission," to "[m]aintain the impartiality of the Department among private litigants," to "[a]void spending the time and money of the United States for private purposes," and "[t]o protect confidential, sensitive information and the deliberative processes of the Department." 49 C.F.R. § 9.1(b); *Matter of Trinity Tugs, LLC*, 2025 WL 729714, at *5.

17. Accordingly, USCG Captain Rodríguez, though present in the courtroom tomorrow at 9:00 AM, will not be able to provide any testimony before the Court. Federal regulations require USCG Captain Rodríguez to receive authorization from the Coast Guard under the applicable *Touhy* regulations prior to providing testimony in court.

18. For USCG Captain Rodríguez to be able to comply with the Court's Order, he would have to receive authorization from the Coast Guard under the applicable *Touhy* regulations.

19. In turn, for the Coast Guard to be able to properly authorize the compelled testimony from USCG Captain Rodríguez, or determine whether other Coast Guard personnel would be better suited to provide the information sought by this Court, the movant respectfully

requests that the Court clarify its Order by: (a) defining the scope of the testimony required from USCG Captain Rodríguez; (b) state whether opinion or expert testimony will be requested; and (c) if opinion or expert testimony will be requested, provide an explanation detailing the exceptional need and unique circumstances justifying such testimony despite the prohibition of 49 C.F.R. § 9.9(c), including, for example, whether the information is not available elsewhere or not obtainable by other means.

20. The requested clarifications will assist the Coast Guard in completing the analysis required by the applicable *Touhy* regulations to determine whether authorization of the required testimony will be in interest of the Department and the United States.

**WHEREFORE**, for the foregoing reasons, the United States respectfully requests that this Court issue a clarification of its Order requiring USCG Captain Rodríguez's testimony to specifically define the scope of the testimony and address the requirements of 49 C.F.R. § 9.9(c) regarding opinion or expert testimony.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on October 1, 2025 .

**W. STEPHEN MULDROW**
United States Attorney

*s/Dennise N. Longo Quiñones*
DENNISE N. LONGO QUIÑONES
Assistant U.S. Attorney
USDC-PR 211408
Torre Chardón, Suite 1201
350 Carlos Chardón St.
San Juan, Puerto Rico 00918
Tel. (787) 282-1928
Fax. (787) 771-4043
E-mail dennise.longo.quinones@usdoj.gov