IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAPT. JAKE ELMSTROM; CAPT. TOMAS BUSTO; CAPT.CARLOS E. RAMOS; CAPT.KENNETH DÍAZ; CAPT. RICHARD FLYNN; CAPT. CARLOS GUTIÉRREZ, CAPT. PATRICK LÓPEZ<br>Plaintiff,<br><br>vs.<br><br>NFENERGIA LLC, A NEW FORTRESS ENERGY SUBSIDIARY; PILOTAGE COMMISSION OF PUERTO RICO; ATTORNEY JESSICA ÑECO MORALES, IN HER OFFICIAL CAPACITY AS ACTING PRESIDENT OF THE PILOTAGE COMMISSION<br>Defendants. | CIVIL NO. 25-cv-1462 |

**STIPULATION ON INTERIM MEASURES**

TO THE HONORABLE COURT:

COME NOW Plaintiffs, Captains Jake Elmstrom, Tomas Busto, Carlos Ramos, Kenneth Diaz, Richard Flynn, Carlos Gutierrez, and Patrick Lopez (collectively "Plaintiffs), and Defendant NFEnergia LLC ("NFE"), and collectively enter into this Stipulation on Interim Measures.

1. NFE has identified **two 70+ metric ton bollard pull escort-rated tugs** that will be mobilized to San Juan, Puerto Rico, with an estimated time of arrival before the anticipated November 1, 2025, movement. One tug is from Moran and the other from McAllister. The charter of the tugs in Puerto Rico is for a minimum period of 45 days as confirmed by Moran and McAllister as evidenced by Exhibit 1. NFE will provide the bollard pull certificates for these tugs within the next 24 hours. McAllister has confirmed to NFE that it is currently mobilizing a delivery crew to transport a **70+ metric ton bollard pull escort-rated** tug to San Juan. The tug to be provided by Moran is named the

James D. Moran.

2. NFE shall keep the **two 70+ metric ton bollard pull escort-rated** tugs identified in paragraph 1 in San Juan for forty-five days from the day of arrival. The two **70+ metric ton bollard pull escort-rated** tugs described above will be dedicated to the LNG ship maneuvers in San Juan for a period of no less than forty-five (45) days.

3. The two **70+ metric ton bollard pull escort-rated tugs** provided by NFE identified in paragraph 1 shall be used along with the Audrey McAllister and Maxwell P. Moran in San Juan Harbor to provide tug services for LNG tankers navigating and berthing in San Juan Harbor. The use of such tugs during the 45 days after their arrival shall not be admissible as evidence in this case or in any future case between the parties, nor shall it be admissible in evidence in any proceeding o prove directly or indirectly that the movement of LNG vessels into and out of the San Juan Bay is viable using any particular number, configuration or specification of tugs.

4. Due to extraordinary circumstances, Captain Daniel Montes, Captain Cesar Montes and/or Captain Alex Cruz will conduct movements of the MV *Energos Maria* and MV *Energos Princess* from and to the dock any time this week, weather permitting, with the assistance of four local tugs which have the following approximate metric ton bollard pull rating: 75 MT, 75 MT, 65 MT and 61 MT. After these movements there will be no other movements of LNG vessels other than as provided in paragraph 3 above unless otherwise ordered by the Court or the Coast Guard. The use of such tugs during the pendency of the stay contemplated in paragraph 9, shall not be admissible as evidence in this case or in any future case between the parties, nor shall it be admissible in evidence in any proceeding to prove directly or indirectly that the movement of LNG vessels into and out of the San Juan Bay is viable using any particular number, configuration or specification of tugs. *This temporary authorization shall not be relied upon to justify, endorse, or normalize the participation of*

*any individuals who are not active members of the San Juan Bay Pilots Association, nor shall it be construed to suggest that any pilot may be compelled to perform maneuvers using tugboats, equipment, or personnel unilaterally provided by a vessel owner, operator, or their representatives. Moreover, nothing in this provision shall be deemed to modify, waive, or diminish the established authority, standards, or operational requirements of the San Juan Bay Pilots Association concerning navigational safety, tug specifications, or pilotage procedures within the Port of San Juan.*

5.  Plaintiffs make no representation as to the adequacy of the measures proposed by NFE to conduct movements of the MV *Energos Maria* and MV *Energos Princess* from and to the dock this week, nor as to the adequacy of the tugboats proposed by NFE to conduct movements of the MV *Energos Maria* and MV *Energos Princess* within the next forty-five days.

6.  In order to evaluate safe tug configurations and capabilities for the safe movement of LNG vessels into and out of the San Juan Bay, all San Juan Bay pilots shall be afforded the opportunity to attend and participate, at NFE's sole expense, simulations at a mutually agreeable location during the pendency of the stay contemplated in paragraph 9 provided the venue is a certified full mission bridge simulator following industry standards and has aproperly vetted San Juan Bay Harbor database, properly vetted LNG tanker models, and properly vetted tugboats as proposed by NFE. currently scheduled for late October and early November 2025. The terms of such simulations, including the attendees, shall be negotiated in good faith by the parties. Plaintiffs may have in attendance, at their expense, their expert witness, Mr. George Burkley and/or any other expert they may choose to invite. NFE may have in attendance any experts of its choosing. All experts shall be afforded the opportunity to review simulation data, validation data, and other relevant information that they may request. The Captains of the tugs which will be assisting in the movement of the NFE LNG ships may attend the simulations. The Captains of the LNG ships that will be participating in

the movements in the San Juan Harbor may attend the simulations.

7. After the simulations described in paragraph 6 are completed, Plaintiffs and NFE, in conjunction with their experts, will discuss in good faith the proper configuration of tugs to be used for the movement of LNG vessels in the San Juan Harbor. If all parties reach a consensus regarding the configuration of tugs to be used, Plaintiffs will dismiss this action with prejudice. If the parties are unable to reach a consensus regarding the configuration of tugs to be used, these proceedings will resume following the expiration of the stay contemplated in paragraph 9, and in accordance with any order of the Court.

8. The parties agree the injunction proceedings shall be stayed for forty-five days from the court's approval of this stipulation. The Parties agree that Mr. José Rosario may communicate with NFE for business purposes, but cannot maintain communications related to the testimony that has commenced and is pending before the Court, unless otherwise permitted by the Court. The Parties agree that Captain Cesar Montes may communicate with NFE in relation to the upcoming maneuvers described in paragraph 4 and for NFE business purposes, but cannot maintain communications related to the testimony that has commenced and is pending before the Court, unless otherwise permitted by the Court.

9. The parties request that the Temporary Restraining Order issued on September 26, 2025, is hereby set aside upon the Court's approval of this stipulation. The parties further agree that the proceedings for the preliminary injunction are consolidated with the proceedings for the permanent injunction and the trial on the merits pursuant to F.R.C.P. Rule 65(a)(2). The parties jointly request that all proceedings in this case be stayed for 45 days from the date on the which the tugs arrived to Puerto Rico after which this stipulation shall expire.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 9th day of October, 2025.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing automatically to all counsel of record.

*S/Giancarlo Font García*
GIANCARLO FONT
USDC-PR NO. 210612
306 Calle Coll y Toste
San Juan, PR 00918
TEL. (787)622-6999
(787)647-1876
gfont@drcprlaw.com

*s/J. Ramón Rivera-Morales*
J. Ramón Rivera-Morales
USDC-PR 200701
Midtown Building 4th Floor
420 Ponce de León Ave.
San Juan, PR 00918
Tel. (787)510-8090
rrivera@jgl.com

*S/ Francisco E. Colón-Ramírez*
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
Bar No.: 210510

COLÓN RAMÍREZ LLC
PO Box 361920
San Juan, PR 00936-1920
Tel. (787) 425-4652
Fax. (787) 425-4731
E-mail: fecolon@colonramirez.com

*s/Thomas N. Lightsey III*
Thomas N. Lightsey III
By Admission Pro Hac Vice
Fed. ID: 84829
Holman Fenwick Willan USA LLP
3040 Post Oak Blvd.
Floor 18, Suite 129
Houston, Texas 77056
Tel. (713)917-0888
Email: tom.lightsey@hfw.com

*s/ Miguel A. Nazario, Jr.*
MIGUEL A. NAZARIO, JR.
USDC PR No. 214502

NAZARIO BRICEÑO LAW OFFICES, LLC
Cervantes 82,
San Juan, Puerto Rico 00907
Tel. (787)449-2717
e-mail: man@nblawpr.com

*s/Christopher R. Hart*
Christopher R. Hart
By Admission Pro Hac Vice
Fed. ID: 12517
Holman Fenwick Willan USA LLP
3040 Post Oak Blvd.
Floor 18, Suite 129
Houston, Texas 77056
Tel. 713-917-0888
chris.hart@hfw.com

*s/ Luis Manuel Pavía-Vidal*
LUIS MANUEL PAVÍA-VIDAL S/
USDC-PR NO. 227205
URB. BALDRICH
COLL Y TOSTE ST. #306
SAN JUAN, PR 00918
TEL. (787)622-6999
pavialaw@gmail.com