GOBIERNO DE PUERTO RICO

20 ma. Asamblea                                                    2da. Sesión
          Legislativa                                                    Ordinaria

# CÁMARA DE REPRESENTANTES

# P. de la C.

DE OCTUBRE DE 2025

Presentado por el representante

Referido a

## LEY

Para enmendar la Sección 1.03, derogar el Artículo 4 y crear un nuevo Artículo así numerado, crear un nuevo Artículo 7, y renumerar los actuales artículos 7, 8, 9 y 10, como 8, 9, 10 y 11,  de la Ley 151 de 28 de junio de 1968, según enmendada, conocida como "Ley de Muelles y Puertos de Puerto Rico de 1968"; crear la "Oficina de Asuntos de Practicaje en Puerto Rico" adscrita a la Autoridad de los Puertos de Puerto Rico; disponer todo lo relativo a la regulación del practicaje en Puerto Rico; disponer para la estructura administrativa de la Oficina de Asuntos de Practicaje en Puerto Rico; crear el puesto de Capitán de Puerto (Harbor Captain) del Puerto de San Juan, adscrito a la Autoridad de Puertos de Puerto Rico, disponer sobre sus poderes y deberes; derogar la Ley Núm. 226-1999, según enmendada, conocida como "Ley de la Comisión de Practicaje de Puerto Rico"; establecer penalidades; y para otros fines relacionados.

EXPOSICIÓN DE MOTIVOS

El desarrollo económico, la seguridad marítima y la protección de los recursos naturales de Puerto Rico dependen en gran medida de la adecuada administración de sus muelles y puertos. Más del noventa por ciento (90%) de los bienes que consume nuestra población llega por vía marítima, lo que convierte a los puertos en la principal puerta de entrada y salida de mercancías, así como en un eje estratégico para el turismo, la defensa y la competitividad de la Isla.

La Ley Núm. 151 de 28 de junio de 1968, según enmendada, conocida como la "Ley de Muelles y Puertos de Puerto Rico de 1968", estableció el marco jurídico para la administración de la infraestructura portuaria y la reglamentación de las operaciones

marítimas. Sin embargo, a lo largo de más de cinco décadas, los cambios en la industria naviera, el aumento en el tamaño y complejidad de las embarcaciones, y la necesidad de cumplir con estándares internacionales de seguridad y eficiencia, han puesto de manifiesto la urgencia de modernizar la regulación en materia de puertos, seguridad portuaria y practicaje en Puerto Rico.

El practicaje constituye una profesión altamente especializada y de interés público, pues los prácticos son responsables de guiar con pericia a las embarcaciones en aguas restringidas, bahías y canales de acceso a los puertos. Su labor protege vidas humanas, la propiedad pública y privada, y evita daños irreparables al medio ambiente marino y costero. La experiencia internacional confirma que la regulación del practicaje debe estar sujeta a criterios de independencia, transparencia y responsabilidad pública, que garanticen que el servicio se preste con los más altos estándares de seguridad y eficiencia.

La Ley Núm. 226-1999, según enmendada, conocida como la "Ley de la Comisión de Practicaje de Puerto Rico", intentó atender estas necesidades mediante la creación de un organismo especializado. No obstante, la experiencia acumulada en más de dos décadas de vigencia ha evidenciado limitaciones estructurales y operacionales que han dificultado la adecuada fiscalización, la integración con la Autoridad de los Puertos y la adaptación a los cambios tecnológicos y normativos de la industria marítima global.

Por ello, esta Asamblea Legislativa entiende necesario derogar la Ley Núm. 226-1999 y sustituirla por un marco normativo más ágil, coherente y eficaz. Esta Ley crea la Oficina de Asuntos de Practicaje en Puerto Rico, adscrita a la Autoridad de los Puertos del Gobierno de Puerto Rico, con el fin de centralizar la supervisión, reglamentación y fiscalización del practicaje bajo una estructura administrativa con mayores recursos, capacidad técnica y responsabilidad pública.

Asimismo, se crea el puesto de Capitán de Puerto del Puerto de San Juan, adscrito a la Autoridad de los Puertos, con poderes y deberes claramente definidos para garantizar la seguridad de la navegación, coordinar el tráfico marítimo y velar por el cumplimiento de las normas locales e internacionales aplicables. Esta figura, reconocida en múltiples jurisdicciones, permitirá fortalecer la gobernanza portuaria y asegurar la coordinación efectiva entre el Estado, los prácticos y la industria marítima.

La aprobación de esta medida permitirá:

- Modernizar la regulación del practicaje conforme a los mejores estándares internacionales.
- Fortalecer la seguridad marítima y la protección ambiental en los puertos de Puerto Rico.
- Garantizar la transparencia y la rendición de cuentas en la fijación de tarifas y en la admisión y disciplina de los prácticos.

- Integrar la supervisión del practicaje a la política pública de desarrollo portuario y económico de la Isla.
- Dotar al Gobierno de Puerto Rico de herramientas más efectivas para atender emergencias, prevenir accidentes y proteger la vida y la propiedad.

En atención a lo expuesto, esta Asamblea Legislativa entiende indispensable aprobar esta Ley, que enmienda la Ley Núm. 151-1968, según enmendada; deroga la Ley Núm. 226-1999, y establece un nuevo marco regulatorio para el practicaje en Puerto Rico, así como provee la figura del Capitán de Puerto del Puerto de San Juan, en beneficio de la seguridad, la economía y el bienestar general de nuestro pueblo.

*DECRÉTASE POR LA ASAMBLEA LEGISLATIVA DE PUERTO RICO:*

Artículo 1.- Se enmienda la Sección 1.03 de la Ley 151 de 28 de junio de 1968, según enmendada, conocida como "Ley de Muelles y Puertos de Puerto Rico de 1968", para que disponga como sigue:

"Sección 1.03. — Definiciones.

Los siguientes términos tendrán a los fines de la aplicación de esta ley el significado que a continuación se expresa, a menos que otro significado claramente surja del contexto, y el uso del término en singular incluirá el plural y viceversa:

(a) "Puerto Rico" significa la Isla de Puerto Rico y las islas y aguas adyacentes dentro de la jurisdicción del Estado Libre Asociado de Puerto Rico.

(b) "Autoridad" significa la Autoridad de los Puertos de Puerto Rico creada por la Ley núm. 125 de 7 de mayo de 1942 excepto que, en todo lo concerniente al Puerto de las Américas, la palabra Autoridad significará la Autoridad del Puerto de las Américas.

(c) "Director" significa el Director Ejecutivo de la Autoridad.

(d) "Administrador" significa el Director Ejecutivo de la Autoridad de los Puertos, según dispone la Ley Núm. 125 de 7 de mayo de 1942, según enmendada. excepto que,

en todo lo concerniente al Puerto de las Américas, la palabra "Administrador" significará el Director Ejecutivo de la Autoridad del Puerto de las Américas.

(e) "Barco" o "Embarcación" significa todo vehículo útil para transportar personas o cosas por el agua.

(f) "Embarcación mayor" significa todo barco dedicado al tráfico de cargo o pasajeros entre cualesquiera puertos.

(g) "Embarcación menor" significa todo barco que no sea una embarcación mayor.

(h) "Aguas navegables de Puerto Rico" significa las aguas navegables bajo el control o dominio de Puerto Rico.

(i) "Puerto" significa toda parte de costa donde un barco pueda fondear, atracar a otro barco o a un muelle, o amarrarse a tierra; y el término, sin condicionar, significa cualquier puerto de Puerto Rico.

(j) "Muelle" significa toda obra útil para el atracado de barcos en tierra, o para embarcar o desembarcar personas o cosas; pero el término no incluye muelles bajo el control inmediato de Estados Unidos.

(k) "Tráfico" significa la transportación de pasajeros o mercancía por barco.

(l) "Tráfico marítimo" significa el tráfico hasta, desde o dentro de cualquier puerto de Puerto Rico, o en sus aguas navegables; pero el término no incluye, a los fines de las Secciones 2.01 y 3.01, actos, contratos o transacciones de comercio que no sean aquellos a que se refieren los Artículos 4 y 5.

(m) "Tráfico costanero" significa el tráfico entre puertos de Puerto Rico o entre éstos y puertos dentro del tráfico costanero de Estados Unidos.

(n) "Zona marítima terrestre" significa el espacio de las costas de Puerto Rico que baña el mar en su flujo y reflujo, en donde son sensibles las mareas, y las mayores olas en los temporales en donde las mareas no son sensibles, e incluye los terrenos ganados al mar y las márgenes de los ríos hasta el sitio en que sean navegables o se hagan sensibles las mareas; y el término, sin condicionar, significa la zona marítima terrestre de Puerto Rico.

(o) "Zona portuaria" significa aquella parte de la zona marítima terrestre y otros terrenos adyacentes a un puerto que sean delimitados como la zona portuaria del puerto en particular de que se trate según se provee en esta ley.

(p) "Persona" significa cualquier persona natural o jurídica, o cualquier asociación, sociedad, organización, firma o empresa; e incluye a todo jefe, director, encargado, funcionario, gerente, oficial, gestor, administrador, agente, representante o consignatario de cualquier persona.

(q) "Dueño de barco" significa tanto la persona dueña de un barco como la que en cualquier forma lo tenga fletado o arrendado.

(r) "Capitán de barco" significa la persona que tenga el mando directo de un barco y su tripulación.

(s) "Agente" significa, respecto a un barco, su consignatario o la persona que en cualquier otra forma represente en Puerto Rico al dueño del barco o a su capitán; y, respecto a la carga, su con signatario o la persona que en cualquier forma represente en Puerto Rico al dueño de la carga de un barco.

(t) "Piloto de puerto" significa la persona con licencia de la Autoridad para ejercer como tal en el puerto o puertos designados en la licencia, e incluye a las que están autorizadas a ejercer como prácticos *conforme los términos de esta Ley* **[bajo la Ley núm. 59 de 30 de abril de 1928]**; y el término "piloto", sin condicionar, significa "piloto de puerto" según este término queda aquí definido.

(u) "Servicio de pilotaje" significa el servicio prestado a un barco por un piloto de puerto para ayudar al barco a entrar y salir de puerto y fondear, atracar y moverse en el puerto o de un muelle a otro.

(v) "Tarifa, renta o derecho de atraque" significa el cargo que se impone a un barco y se cobra a su dueño o a su capitán, o al agente de cualquiera de los dos, por amarrar la embarcación a un muelle o a cualquier otra parte de la zona portuaria en que lleve a cabo operaciones de carga o descarga haciendo uso de un muelle, o por atracar a otro barco así atracado.

(w) "Tarifa, renta o derecho de muellaje" significa el cargo que se impone a la carga de un barco y se cobra al dueño de la carga o a su agente por embarcarla o desembarcarla haciendo uso de un muelle.

(x) "Tarifa, renta o derecho de demora" significa el cargo que se impone a la carga o mercancía y se cobra a su dueño o al agente de éste por retenerla en un muelle o cualquier otra parte de la zona portuaria en exceso del período de gracia fijado a ese fin.

(y) "Aguas Navegables del puerto de las Américas" significará las aguas navegables de Puerto Rico adyacentes al Puerto de las Américas cuyo control por la Autoridad es necesario o conveniente parala operación eficiente del Puerto de las

Américas. La Junta de Directores de la Autoridad del Puerto de las Américas, previa consulta con la Autoridad de los Puertos, determinará el alcance del área geográfica que comprenderá las aguas navegables del Puerto de las Américas.

(z) "Entidad Contratada" significará la persona natural o jurídica, privada o pública, o un consorcio de éstas, seleccionada por la Autoridad para desarrollar, operar o mantener el Puerto de las Américas.

(aa) "Puerto de las Américas" significará las aguas navegables del Puerto de las Américas y su zona portuaria, zona marítimo-terrestre, terrenos sumergidos bajo el puerto y terrenos contiguos que están incluidos en el área geográfica dentro de la cual se llevan a cabo las actividades del puerto de trasbordo localizado en el área sur de Puerto Rico, incluyendo los muelles, atracaderos, embarcaderos, malecones, diques, dársenas, conexiones ferroviarias, desviaderos, apartaderos u otros edificios, estructuras, instalaciones o mejoras utilizadas para la navegación y el acomodo de embarcaciones y su carga el almacenamiento de carga y contenedores, el manejo de carga y contenedores, las actividades de trasbordo y cualquier otra actividad incidental a las anteriores. La Junta de Directores de la Autoridad del Puerto de las Américas determinará el alcance del área geográfica que comprenderá el Puerto de las Américas.

*(bb) Práctico — significa el práctico local licenciado o el práctico designado certificado. Es práctico la persona experimentada, versada y diestra que, a través de la práctica, adquiere el conocimiento del lugar en que navega cualificándolo para dirigir y dirige a vista el rumbo de las embarcaciones, llamándose de costa o de puerto, respectivamente, según sea en una u otro donde ejerce su profesión.*

*(cc) Práctico aprendiz — aspirante a práctico que no ostenta licencia de practicaje otorgada por la Autoridad de los Puertos de Puerto Rico.*

*(dd) Práctico en Probatoria — práctico que ostenta una licencia temporera o provisional por un tiempo limitado, según otorgada por la Autoridad de los Puertos de Puerto Rico.*

*(ee) Aguas sujetas a practicaje en Puerto Rico — significan todas las aguas navegables de Puerto Rico conforme dispuso el Congreso de los Estados Unidos en la sección 8 de la Ley de Relaciones Federales, 48 USC 749.0., según enmendada.*

*(ff) Pilotar — significa dirigir un buque, especialmente a la entrada, enmiendas y salida de los puertos, bahías y ensenadas o a través de canales estrechos y sondas, así como también en su navegación de un puerto a otro.*

*(gg) Practicaje o Pilotaje — significa el acto de pilotar. Ciencia o arte que enseña el oficio de práctico. Pilotaje es, además, el honorario o derecho que paga la embarcación al práctico por su servicio de practicaje.*

*(hh) Licencia o certificado — significa el documento expedido por la Autoridad de los Puertos, por conducto de la Oficina de Asuntos de Practicaje en Puerto Rico, a los prácticos y a los prácticos aprendices que los autoriza a ejercer el practicaje en Puerto Rico."*

Artículo 2. — Se deroga el Artículo 4 de la Ley 151 de 28 de junio de 1968, según enmendada, conocida como "Ley de Muelles y Puertos de Puerto Rico de 1968" y se sustituye con un nuevo Artículo 4 que dispondrá como sigue:

"**Artículo 4.- Servicio de Pilotaje o Practicaje**

**Sección 4.01. — Declaración de Política Pública.**

*(a) El practicaje es un servicio esencial de tal importancia, que su existencia continua debe estar garantizada por las leyes de Puerto Rico.*

*(b) Debido a que la seguridad en el tránsito marítimo es el objetivo primario en la reglamentación del practicaje y debido al significado económico que tiene al prestarse el servicio, la necesidad de una gran inversión de capital para proveer el servicio requerido, y el hecho de que los prácticos están rindiendo servicios que están considerados esenciales a la economía y al beneficio público, se determina que la reglamentación económica, más bien que la competencia en el mercado, servirá mejor para proteger la salud pública, seguridad y beneficios.*

*(c) El Director de la Oficina de Asuntos de Practicaje en Puerto Rico, adscrita a la Autoridad de los Puertos de Puerto Rico, tendrá facultad para expedir licencias de práctico en la cantidad que discrecionalmente la Autoridad de los Puertos de Puerto Rico determine como necesarios y en número adecuado para prestar el servicio. La Autoridad de los Puertos de Puerto Rico fijará las tarifas y regulará todo lo relacionado con el servicio de practicaje en Puerto Rico. Esta Ley pretende que se preste un servicio de practicaje confiable, estable, económico y seguro en los puertos de Puerto Rico.*

***Sección 4.02 — Prestación de Servicios.***

*Ninguna persona podrá ejercer el practicaje en los puertos de Puerto Rico a menos que cumpla con los deberes y obligaciones que a continuación se disponen:*

*(a) Prestar el servicio a toda aquella persona que lo solicite, excepto por razones de seguridad que impidan hacerlo o aquellas otras que la Autoridad de los Puertos de Puerto Rico determine por reglamento.*

*(b) Los prácticos quedan, por la presente, impedidos de determinar unilateralmente las tarifas u otros cargos. La Autoridad de los Puertos de Puerto Rico determinará las tarifas y otros cargos a cobrarse por el servicio de practicaje.*

*(c) Los prácticos, bajo la supervisión de la Oficina de Asuntos de Practicaje en Puerto Rico, adquirirán y mantendrán embarcaciones, facilidades de oficina, equipos, un sistema de despacho, equipos de comunicaciones y cualquier otra facilidad o equipo que sea necesario y que sirva de apoyo a un servicio de practicaje moderno, confiable y seguro.*

*(d) Los prácticos, en los puertos en que ellos ejercen, tienen que entrenar a los aspirantes a prácticos que se les asignen, según disponga el Director de la Oficina de Asuntos de Practicaje en Puerto Rico. El incumplimiento con estas obligaciones conllevará acción disciplinaria contra el práctico, conforme esta Ley. No se debe entender que por esta disposición se crea una relación de agencia o de patrono-empleado entre el práctico y el aspirante a ejercer el practicaje en Puerto Rico.*

*(e) La Autoridad de los Puertos de Puerto Rico, por conducto del Director de la Oficina de Asuntos de Practicaje en Puerto Rico establecerá un área donde el bote o embarcación del práctico abordará el barco que entra al puerto; proveyéndose que:*

*(1) El práctico abordará el barco que entra antes del barco llegar a las boyas que marcan la entrada del puerto.*

*(2) El práctico llegará al puente de mando del barco con suficiente tiempo para, antes de tomar el mando, intercambiar información con el Capitán u oficial al mando, para familiarizarse con las características particulares del barco al maniobrar y con cualquier otra condición especial de éste.*

*(3) El práctico tomará el mando "conn" del capitán u oficial al mando con tiempo suficiente que le permita alinear la proa del barco con el centro del canal de entrada para así evitar poner el barco en peligro o en riesgo de accidente.*

*(4) A la salida de un barco del puerto, el práctico permanecerá a bordo hasta que el barco haya sobrepasado las boyas que marcan el límite del canal de entrada o todo peligro posible y previsible; disponiéndose, que en circunstancias normales no desembarcará dentro del puerto.*

*El incumplir con las obligaciones dispuestas en este Artículo conllevará la acción disciplinaria correspondiente según esta Ley.*

*Sección 4.03. — Oficina de Asuntos de Practicaje en Puerto Rico.*

*Se crea la Oficina de Asuntos de Practicaje en Puerto Rico para autorizar, supervisar, e imponer sanciones, sobre el practicaje en Puerto Rico. La Oficina tendrá la autoridad y el presupuesto para implementar la reglamentación que sobre el practicaje y tránsito marítimo apruebe la Autoridad de los Puertos de Puerto Rico. Esta Oficina podrá adquirir y financiar todo tipo de embarcación, equipo o materiales necesarios para llevar a cabo su función.*

*Las determinaciones del Director de la Oficina de Asuntos de Practicaje en Puerto Rico podrán ser revisadas por el Director de la Autoridad de los Puertos de Puerto Rico y, posteriormente, sujetas a revisión judicial conforme se disponga en reglamento a ser aprobado por la Autoridad de los Puertos de Puerto Rico.*

*Sección 4.04. — Director de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*La Oficina de Asuntos de Practicaje en Puerto Rico será dirigida por un Director que se conocerá como el Director de la Oficina de Asuntos de Practicaje en Puerto Rico. Asumirá la*

*función principal de ejecutar e implementar toda la reglamentación aprobada por la Autoridad de los Puertos de Puerto Rico en materia de practicaje en Puerto Rico. También asumirá aquellos deberes y funciones que la Autoridad de los Puertos le delegue y que sean cónsonos con su competencia sobre el ejercicio del practicaje en Puerto Rico.*

*El Director de la Oficina de Asuntos de Practicaje en Puerto Rico será nombrado por la Junta de Directores de la Autoridad de los Puertos de Puerto Rico y devengará el sueldo y emolumentos que dicha Junta determine mediante reglamentación que adoptará con respecto al funcionamiento de dicha Oficina y los deberes y privilegios del cargo de Director. Se requerirá que el Director de la Oficina de Asuntos de Practicaje en Puerto Rico sea una persona versada en materia de practicaje. Ocupará su cargo mientras goce de la confianza de la Junta de Directores de la Autoridad de Puertos de Puerto Rico.*

**Sección 4.05. — Personal; Empleos.**

*El Director de la Oficina de Asuntos de Practicaje en Puerto Rico nombrará o empleará todo el personal que sea necesario para asistirse en el cumplimiento y ejecución de todos y cada uno de los poderes, deberes y obligaciones establecidos en esta Ley y en la reglamentación que apruebe la Autoridad de los Puertos de Puerto Rico. Estas personas estarán autorizadas a requerir el cumplimiento con las normas legales y reglamentarias sobre el ejercicio del practicaje en Puerto Rico; además, ejecutarán todos los deberes y obligaciones que les sean asignados por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico con sujeción a la ley y reglamentación aplicable sobre sus competencias.*

**Sección 4.06. — Número de Prácticos; Reciprocidad entre Puertos.**

*La Autoridad de los Puertos de Puerto Rico determinará el número de prácticos que se autorizará para servir a cada puerto y, por conducto del Director de la Oficina de Asuntos de Practicaje en Puerto Rico, expedirá las licencias y certificados que estime necesarios a base de la demanda de los servicios de practicaje para velar por el interés público de mantener servicios de practicaje eficientes y seguros. La Autoridad de los Puertos de Puerto Rico podrá delegar en el Director de la Oficina de Asuntos de Practicaje en Puerto Rico la determinación, basada en las condiciones económicas de los puertos, de autorizar la transferencia de prácticos aplicando el sistema de antigüedad. También podrá autorizar reciprocidad de licencias entre puertos, si sirve al mejor interés público.*

**Sección 4.07. — Cualificaciones para Candidatos a Prácticos Aprendices.**

*(a) Además de reunir otros requerimientos de esta Ley, cada aspirante a nombramiento y licenciamiento como práctico deberá:*

*(1) Tener por lo menos 21 años, evidenciados con copia del certificado de nacimiento u otra prueba legal de la edad.*

*(2) Haber completado y aprobado 12 años de educación formal, evidenciados con diploma de escuela superior o por evidencia equivalente de esto que sea satisfactoria para el Director de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*(3) Estar mental y físicamente saludable, evidenciado con prueba documental, tras haber pasado satisfactoriamente un examen físico y psiquiátrico completo administrado por un médico licenciado y por un psiquiatra, respectivamente, quienes habrán de ser designados por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico para administrar estos exámenes, dentro de un término de treinta (30) días antes de presentar su solicitud. La Autoridad de los Puertos de*

*Puerto Rico, en consulta con el Departamento de Salud y la Administración de Servicios de Salud Mental y Contra la Adicción, adoptará mediante reglamento los requerimientos para acreditar el examen físico y psiquiátrico, así como las reglas que establecerán los patrones mínimos sobre la capacidad física y mental necesaria para llevar a cabo los deberes y obligaciones profesionales de un práctico aprendiz. Dichos patrones incluirán cero tolerancia para el consumo de alcohol, drogas, estupefacientes y cualquier otra sustancia controlada regulada, a menos que la persona esté bajo el cuidado de un médico o psiquiatra, o esta sustancia controlada fuera prescrita por dicho médico o psiquiatra. Para mantener su elegibilidad como candidato, cada aspirante deberá proveer anualmente prueba documental de haber pasado satisfactoriamente un examen físico y psiquiátrico completo administrado por un médico licenciado y por un psiquiatra, respectivamente. El médico y el psiquiatra deberán estar aprobados por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico y conocer los patrones mínimos para certificar que el tenedor de este certificado cumple satisfactoriamente con los mismos. Los patrones para el práctico aprendiz y probatorio incluirán un examen de drogas y proveer un certificado semestral de antecedentes penales que evidencie buena conducta.*

*(4) Haber tenido experiencia marítima satisfactoria para el Director de la Oficina de Asuntos de Practicaje en Puerto Rico, evidenciada por documentación en uno de los siguientes servicios mientras era tenedor de una licencia de la Guardia Costanera de los Estados Unidos:*

*(a) Por lo menos dos (2) años o 720 días de servicio en el mar durante un período de cinco (5) años, un (1) año o 360 días de los cuales debió haber estado navegando bajo, por lo menos una licencia ilimitada expedida por la Guardia Costanera de los Estados Unidos de segundo piloto o (b) Por lo menos dos (2) años o 720 días de servicio durante el período de cinco (5) años*

*inmediatamente precedentes en un puerto de aguas profundas de los Estados Unidos o del Caribe sirviendo bajo licencia ilimitada de la Guardia Costanera de los Estados Unidos o de una entidad gubernamental reguladora debidamente constituida, como un piloto activo de primera clase, siendo tenedor además de una licencia de segundo piloto sin límites, o capitán de embarcación de carga o remolque de al menos mil seiscientas (1,600) toneladas brutas registradas sobre el océano, actuando bajo la autoridad de una entidad gubernamental reguladora debidamente constituida o (c) Por lo menos dos (2) años o 720 días de experiencia en remolques durante un periodo de cinco (5) años, un (1) año de los cuales debió haber estado sirviendo en la capacidad de capitán de un remolque/carguero combinado de al menos 5,000 toneladas brutas registradas bajo una licencia de la Guardia Costanera de los Estados Unidos.*

*(d) Por lo menos tres (3) años de experiencia como un oficial de en cubierta durante el período de diez (10) años con antelación a solicitar la admisión, un (1) año de los cuales debió haber servido como el oficial al mando, segundo al mando u oficial de navegación y/o operaciones a bordo de un buque de la Marina de los Estados Unidos o de cualquier otra rama de las fuerzas armadas de los Estados Unidos o de la Guardia Costanera de los Estados Unidos, en embarcaciones en exceso de 1,600 toneladas brutas y poseer además una licencia ilimitada de la Guardia Costanera de los Estados Unidos de por lo menos segundo piloto.*

*(5) Someter la documentación evidenciando el tiempo de servicio en el mar, como oficial, y otros documentos oficiales, según sean requeridos por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*(6) Someter copia de la licencia de piloto de primera clase sin límites expedida por la Guardia Costanera de los Estados Unidos, que cubra las aguas del puerto o puertos en el cual o a los cuales el práctico aprendiz habrá de asignarse para el aprendizaje.*

*(7) Someter todos los certificados de entrenamiento y/o educación continua necesarios que puedan ser requeridos por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*(8) La Autoridad de los Puertos de Puerto Rico podrá adoptar reglas autorizando combinaciones equivalentes de servicios de dos o más de las áreas señaladas en los subpárrafos (a) (4) (a.), (b.), (c.), y (d.). El Director de la Oficina de Asuntos de Practicaje en Puerto Rico podrá dejar sin efecto el requerimiento del párrafo (a) (4) cuando sea necesario llenar una vacante y no haya aspirantes para la vacante con la experiencia necesaria.*

*Sección 4.08. — Cualificaciones para Licencias como Prácticos de Puerto Rico.*

*(a) En adición a cualquier otro requerimiento dispuesto por esta Ley, cada aspirante a práctico licenciado de Puerto Rico debe:*

*(1) Tener veintiún (21) años o más cumplidos, evidenciado por copia del certificado de nacimiento u otra prueba legal de la edad al momento de solicitar la licencia.*

*(2) Haber completado y aprobado doce (12) años de educación formal, evidenciado por un diploma de escuela superior o por evidencia equivalente de esto, que sea satisfactoria para el Director de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*(3) Estar en buena salud física y mental, evidenciada por prueba documental, tras haber pasado un examen físico y psiquiátrico completo administrado por un médico licenciado y por un psiquiatra, respectivamente, aceptados por el Director de la Oficina de Asuntos de Practicaje en*

*Puerto Rico, dentro de los treinta (30) días precedentes a su solicitud de admisión o renovación de la licencia de practicaje.*

*(4) La Autoridad de los Puertos de Puerto Rico adoptará reglas para establecer los parámetros del examen físico y psiquiátrico, las que incluirán patrones mínimos de la capacidad física y mental necesaria para llevar a cabo los deberes y obligaciones profesionales de un práctico licenciado de Puerto Rico.*

*Dichos patrones incluirán cero tolerancia para el consumo de alcohol, drogas, estupefacientes y cualquier otra sustancia controlada regulada, a menos que el individuo esté bajo el cuidado de un médico o psiquiatra y la sustancia controlada esté prescrita por dicho médico o psiquiatra.*

*Para mantener una licencia de práctico de Puerto Rico, cada práctico licenciado proveerá anualmente prueba documental de haber pasado satisfactoriamente un examen médico y psiquiátrico completo administrado por un médico licenciado y por un psiquiatra, respectivamente. El médico y el psiquiatra deberán haber sido aceptados por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico y conocer los patrones mínimos y certificar que la licencia cumple satisfactoriamente con ellos.*

*Los patrones para licencias incluirán un examen de drogas a ser administrado al azar por técnicos de laboratorio acreditados y proveer un certificado semestral de antecedentes penales que evidencie buena conducta.*

*(5) Haber terminado el adiestramiento requerido como práctico aprendiz, según aprobado conforme a la legislación y reglamentación vigentes. Al momento de someter la solicitud, cada aspirante deberá tener una licencia válida de práctico sin límites de la Guardia Costanera de los*

*Estados Unidos que cubra todas las aguas del puerto o puertos para donde se solicita la licencia de práctico de Puerto Rico y debe haber satisfactoriamente completado el adiestramiento de prácticos aprendices en el puerto para el cual la licencia de práctico de Puerto Rico es solicitada.*

*(6) Los aspirantes a prácticos someterán, para su aprobación, los certificados de entrenamiento y/o educación continua que la legislación y reglamentación aplicables requieran como requisito previo a la expedición de su licencia.*

*Sección 4.09. — Expedición de Licencias.*

*El Director de la Oficina de Asuntos de Practicaje en Puerto Rico, deberá expedir todas las licencias originales por un período probatorio que no exceda seis (6) meses. Al expirar este período inicial, el Director podrá expedir otra licencia probatoria por otro período que no exceda seis (6) meses. Después de completar un período de doce (12) meses con licencia en probatoria, el Director tendrá que evaluar el expediente en su totalidad y determinar si habrá de expedir una licencia permanente o no.*

*Las licencias temporeras o probatorias podrán contener limitaciones de tonelaje, calado, eslora o tipo de embarcación.*

*Sección 4.10. — Acreditación de Prácticos con Licencia.*

*A todos los prácticos licenciados bajo las leyes, estatutos y reglamentos estatales y federales previos a la vigencia de esta Ley le serán otorgados todas las licencias con el mismo alcance y capacidad que las facultadas a otorgar por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico. Esto no les relevará del cumplimiento posterior de los requisitos de educación continua que pueda establecer la Autoridad de los Puertos de Puerto Rico por reglamento.*

*Sección 4.11. — Programa de Entrenamiento de Prácticos en Aprendizaje y Probatorios; Financiamiento.*

*(a) Los prácticos de Puerto Rico licenciados en cada puerto someterán al Director de la Oficina de Asuntos de Practicaje en Puerto Rico para su aprobación un programa de entrenamiento de prácticos en aprendizaje y probatorios de por lo menos dos años de duración, aplicable a todos los prácticos aprendices nombrados para servir en cada puerto. Los siguientes requisitos constituyen los parámetros dentro de los cuales los programas de entrenamiento de prácticos aprendices y probatorios serán establecidos y llevados a cabo por los prácticos licenciados en todos los puertos de Puerto Rico:*

*(1) Al recibir su nombramiento, un práctico aprendiz deberá reportarse al práctico licenciado de Puerto Rico en el puerto al cual fue asignado para servir y deberá cumplir un período no menor de noventa (90) días como observador de entrenamiento (aprendiz). Durante dicho período:*

*(a) El aprendiz deberá acompañar a los prácticos licenciados por las aguas de Puerto Rico, de esta manera se familiarizará con todo tipo de agua, canales y puertos en variedad de condiciones.*

*(b) El aprendiz deberá obtener una licencia válida de piloto práctico de primera clase sin límites de la Guardia Costanera de los Estados Unidos que cubra todas las aguas del puerto al que va a ser asignado antes de que el Director de la Oficina de Asuntos de Practicaje en Puerto Rico lo autorice a pilotar embarcaciones dentro de los límites y condiciones establecidos por los prácticos licenciados a cargo del entrenamiento.*

*(2) Al completar el período de observador en entrenamiento (aprendiz), el práctico aprendiz deberá someter al Director de la Oficina de Asuntos de Practicaje en Puerto Rico una hoja de manejo de embarcaciones para prácticos aprendices para cada movimiento o embarcación en la cual él o ella acompañó a un práctico licenciado de Puerto Rico. Cada una de las hojas deberá ser firmada por el práctico a cargo, quien acompañará al práctico aprendiz, y deberá contener principalmente:*

*(a) El registro de la embarcación, medida, tonelaje bruto y diseño*

*(b) El área geográfica o puerto en la cual o en los cuales la embarcación fue pilotada;*

*(c) El clima y las condiciones marítimas encontradas;*

*(d) La hora del día;*

*(e) Cualquier incidente marítimo que deba ser informado conforme lo exige esta Ley; y*

*(f) Los comentarios del práctico a cargo, siempre que el práctico aprendiz, bajo su supervisión, estuvo al mando de la embarcación para dirigir su navegación.*

*(3) Cada solicitud para aumentar los límites y condiciones bajo las cuales un práctico aprendiz habrá de estar autorizado para pilotar, deberá ser sometida al Director de la Oficina de Asuntos de Practicaje en Puerto Rico para su aprobación.*

*Esta deberá estar acompañada por la evaluación y la hoja de manejo de embarcaciones que exige la subsección 2 anterior para prácticos aprendices o probatorios para cada embarcación que el práctico aprendiz haya pilotado desde la última vez que sus límites y condiciones fueron aumentados por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*(4) Para completar satisfactoriamente el programa de entrenamiento, al práctico aprendiz, se le irán aumentando gradualmente los límites y condiciones para pilotar hasta que sea autorizado,*

*por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico, a pilotar embarcaciones con un máximo de calado de tres (3) pies menos que el calado normal permisible en el puerto al cual el práctico aprendiz será autorizado a pilotar; según propuesto por los prácticos licenciados de Puerto Rico en ese puerto y aprobado por Director de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*(5) El programa de entrenamiento de prácticos en aprendizaje y probatorios será sufragado durante los primeros seis (6) meses, luego de la aprobación de esta Ley, por el Fideicomiso Operacional. Posteriormente, será sufragado por la Oficina de Asuntos de Practicaje en Puerto Rico.*

*Sección 4.12. — Fundamentos que Justifican Acción Disciplinaria por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*(a) Cualquier acto de mala conducta, desatención al deber, negligencia o incompetencia, cualquier violación voluntaria o premeditada de alguna ley o reglamento, incluyendo las reglas federales o locales de tránsito marítimo a ser cumplidas por los prácticos locales o prácticos aprendices, o cualquier falta al ejercitar el cuidado razonable y prudente que se espera de un práctico o práctico aprendiz bajo la misma o similar circunstancia, conllevará acción disciplinaria. Algunos actos u omisiones en que incurren los prácticos o prácticos aprendices que conllevan acción disciplinaria incluyen, pero no se limitan a:*

*(1) Faltar al no tomar precauciones o hacer ajustes o concesiones para los efectos que sean previsibles del viento, corrientes y mareas.*

*(2) Faltar al no obtener o adecuadamente usar la información disponible al práctico.*

*(3) Faltar al no navegar con precaución cuando la visibilidad es limitada.*

*(4) Transitar por canales donde la profundidad es menor al espacio prescrito y recomendado por los prácticos y aprobados por la Autoridad de los Puertos y el Director de la Oficina de Asuntos de Practicaje en Puerto Rico como el espacio mínimo que debe existir entre la quilla y el fondo del mar.*

*(5) Transitar en exceso de velocidad.*

*(6) El dejar que la licencia o certificado de práctico le sea revocada, suspendida, restringida, puesta en probatoria, o, en cualquier otra forma, permitir que se actúe sobre ella incluyendo, pero sin limitarse, al abandono o depósito en espera de ulterior acción disciplinaria, en espera de que se radiquen cargos o una causa criminal por la autoridad reguladora de otro estado, del Gobierno Federal, Puerto Rico u otro país, de un acto que constituya fundamento para disciplinar si éste ocurrió mientras pilotaba bajo la autoridad de la licencia de práctico o certificado de práctico aprendiz.*

*(7) Hacer, llenar o incitar a otra persona a hacer o a llenar un informe que el práctico sabe es falso, voluntaria o negligentemente dejar de archivar, o voluntariamente impedir u obstruir el archivo de informes o el anotar o inscribir en los registros requeridos por las leyes de Puerto Rico o por las reglas de la Autoridad de los Puertos de Puerto Rico o de la Oficina de Asuntos de Practicaje en Puerto Rico. De dichos informes o anotaciones se considerarán únicamente aquellos que hayan sido firmados por el práctico en su capacidad como práctico aprendiz o práctico.*

*(8) Sufrir alguna incapacidad física o mental que impida cumplir con la destreza y seguridad necesaria y con los deberes y obligaciones del práctico ya sea la causa una enfermedad o abuso del alcohol, drogas, narcóticos o substancias de cualquier otra especie o causada por alguna condición física o mental como, pero sin limitarse, a pérdida o limitación de la vista o audición,*

*enfermedades del corazón o a diabetes. El Director de la Oficina de Asuntos de Practicaje en Puerto Rico, para hacer cumplir esta disposición tendrá autoridad para obligar a un práctico o práctico aprendiz a someterse a un examen físico y otro mental por un médico y un psiquiatra que sea aceptado por dicho Director de la Oficina de Asuntos de Practicaje en Puerto Rico, así como en aquellos casos donde haya una sospecha razonable de que el práctico esté incurriendo en alguna de las conductas prohibidas por este inciso. La negación de un práctico o práctico aprendiz a someterse a dicho examen, cuando sea ordenado, constituirá una admisión de las alegaciones en su contra a menos que la negación se deba a circunstancias fuera de su control; como resultado de la cual el Director de la Oficina de Asuntos de Practicaje en Puerto Rico podrá dictar una orden de emergencia suspendiéndole la licencia de práctico o certificado de práctico aprendiz pendiente a que éste cumpla con la orden de someterse al examen físico, mental, o ambos. A un práctico o práctico aprendiz, afectado por esta disposición, se le debe permitir, a intervalos razonables de tiempo, la oportunidad de demostrar que puede reanudar competentemente y con razonable seguridad, destreza y habilidad en el practicaje.*

*(9) Practicar u ofrecer practicar fuera del alcance permitido por ley, o aceptar y realizar responsabilidades profesionales que el práctico reconoce o tiene razones para conocer, que no tiene la suficiente destreza para realizarlas.*

*(10) Delegar a otra persona responsabilidades profesionales cuando el práctico sabe o tiene razones para saber que la persona en quien él delega no está capacitada, por falta de entrenamiento, experiencia, o licencia, para realizar las funciones del práctico.*

*(11) Comprometerse a hacer algo que no cumple con las normas aceptables del practicaje.*

*(12) Fallar al mantener en vigor una licencia de práctico válida sin límites y de primera clase expedida por la Guardia Costanera de los Estados Unidos, que cubra las aguas del puerto al cual el práctico está asignado.*

*(13) Dejar de cumplir con la obligación de informar incidentes que conforme esta Ley deba informar.*

*(14) Violar cualquier disposición de cualquier reglamento adoptado y promulgado por la Autoridad de los Puertos de Puerto Rico y la Oficina de Asuntos de Practicaje en Puerto Rico.*

*(b) Cuando el Director de la Oficina de Asuntos de Practicaje en Puerto Rico determinare que un práctico o práctico aprendiz cometió alguno de los actos señalados en el inciso (a), previa notificación a dicho práctico brindándole la oportunidad a ser oído. El Director de la Oficina de Asuntos de Practicaje en Puerto Rico expedirá una orden imponiendo una o más de las siguientes penalidades:*

*(1) Rehusarse a certificar una solicitud de licencia o certificación*

*(2) Revocar o suspender la licencia o certificado*

*(3) Restringir la práctica del práctico.*

*(4) Imponer una multa administrativa que no exceda de $5,000.00 por cada cargo u ofensa separada.*

*(5) Reprender por escrito al práctico o práctico aprendiz.*

*(6) Poner al práctico o práctico aprendiz en probatoria por un período de tiempo sujeto a las condiciones que el Director de la Oficina de Asuntos de Practicaje en Puerto Rico establezca, incluyendo, pero no limitado a, requerir que el práctico se someta a tratamiento, examen físico y psiquiátrico completo, entrenamiento adicional o a un re-examen.*

*En caso de el Director de la Oficina de Asuntos de Practicaje en Puerto Rico imponer alguna de las sanciones previas, el práctico podrá acudir mediante un escrito de reconsideración ante el Director de la Oficina de Asuntos de Practicaje en Puerto Rico dentro de los próximos diez (10) días laborables a partir del recibo de la notificación de la sanción. De mantenerse la penalidad impuesta, el práctico podrá acudir al Director Ejecutivo de la Autoridad de los Puertos de Puerto Rico, conforme el reglamento que a esos fines se apruebe en dicha Autoridad, y de su determinación negativa, al Tribunal de Apelaciones dentro de los diez (10) días laborables siguientes a partir del recibo de la notificación de la decisión del Director Ejecutivo de la Autoridad de los Puertos de Puerto Rico. El Director de la Oficina de Asuntos de Practicaje en Puerto Rico deberá notificar sus resoluciones a las partes interesadas por correo certificado.*

*(c) El Director de la Oficina de Asuntos de Practicaje en Puerto Rico no reinstalará la licencia o certificado al práctico o al práctico aprendiz o expedirá una licencia o certificado a una persona que ha sido previamente descualificado a través de una orden final hasta que esté convencido de que dicha persona cumple con todos los términos y condiciones de dicha orden y que dicha persona está capacitada para continuar ejerciendo el practicaje o mediante orden de un tribunal competente a tales fines.*

*(d) Se entenderá que un práctico o práctico aprendiz actúa bajo la autoridad conferida por la licencia o certificado local mientras pilotea una embarcación extranjera o una embarcación de Estados Unidos comerciando con el extranjero, ya sea entrándola o sacándola del puerto o moviéndola de un muelle a otro dentro del puerto. Al prestar ese servicio, el práctico o práctico aprendiz, le responde al Director de la Oficina de Asuntos de Practicaje en Puerto Rico por sus actos.*

*Sección 4.13. — Informes de Incidentes Marítimos.*

*Cada colisión, varamiento, encallamiento u otro accidente en que estuvo involucrada una embarcación en la cual estuvo empleado un práctico licenciado de Puerto Rico o práctico aprendiz deberá informarse por el práctico a la oficina del Director de la Oficina de Asuntos de Practicaje en Puerto Rico inmediatamente. Además, el práctico someterá un informe escrito al Director de la Oficina de Asuntos de Practicaje en Puerto Rico en la forma y manera prescrita dentro de las cuarenta y ocho (48) horas de la ocurrencia; no obstante, cualquier incidente marítimo que envuelva derrames de aceite u otros combustibles, contaminación ambiental evidente, lesiones físicas significativas o muerte, deberá informarse por el práctico al Director de la Oficina de Asuntos de Practicaje en Puerto Rico y a todas las autoridades pertinentes de inmediato por teléfono o cualquier medio electrónico. Además, someterá un informe por escrito dentro de las (24) horas del incidente.*

*Sección 4.14. — Solicitud, Examen y Cuotas.*

*(a) El Director de la Oficina de Asuntos de Practicaje en Puerto Rico impondrá y cobrará las siguientes cuotas:*

*(1) Una cuota por cada solicitud para obtener 1a licencia como práctico de Puerto Rico.*

*(2) Una cuota por cada examen para obtener la licencia como práctico de Puerto Rico, cuando aplique.*

*(3) Una cuota por cada revisión de examen, cuando aplique.*

*(b) El Director de la Oficina de Asuntos de Practicaje en Puerto Rico impondrá y cobrará una cuota anual a cada práctico licenciado de Puerto Rico y a cada práctico aprendiz o probatorio.*

*(c) El Director de la Oficina de Asuntos de Practicaje en Puerto Rico cobrará una cuota por cada renovación de licencia.*

***Sección 4.15. — Embarcaciones Sujetas a Practicaje.***

*Ningún barco extranjero ni ningún barco de Estados Unidos que navegue bajo registro podrá entrar o salir de un puerto o transitar por las aguas navegables de las bahías, ríos, o cualquier otra vía navegable de Puerto Rico, sin recibir servicio de practicaje por un práctico con licencia expedida por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico para el puerto o área de que se trate, excepto:*

*(a) Embarcaciones exentas de practicaje por las leyes de los Estados Unidos;*

*(b) Embarcaciones de un solo casco con calado menor de 7 pies de agua;*

*(c) Cualquier embarcación, cuando es movida de un lugar a otro dentro de los confines de un dique o del dique a un muelle adyacente al dique;*

*(d) Cualquier embarcación que esté moviéndose a un muelle adyacente o contiguo, por medio de sus líneas, sin zarpar del muelle, siempre que el movimiento sea menor que la eslora del barco.*

***Sección 4.16. — Prácticos sin Licencias; Penalidades.***

*(a) Cualquier individuo que no sea práctico licenciado de Puerto Rico o práctico aprendiz, y que dirija los movimientos de una embarcación que requiera un práctico licenciado de Puerto Rico o práctico aprendiz a bordo, estará en violación de esta Ley. Cualquier persona que pilotee sin licencia será culpable de delito menos grave y se le impondrá una multa de no menos de quinientos dólares ($500) y no más de cinco mil dólares ($5,000) por cada delito. El Tribunal podrá imponer el pago de costas, gastos y honorarios de abogado.*

*(b) La embarcación, su dueño, su agente o representante estarán obligados a pagar al práctico licenciado de Puerto Rico, en el puerto donde ocurre la violación al inciso (a) de esta Sección, los honorarios de practicaje que, de otro modo, le aplicaría de haberse utilizado el práctico correctamente. Si los prácticos o sus representantes recurren a una acción legal para recobrar dichos honorarios, el Tribunal podrá imponer, para la parte que prevalezca, las costas, gastos y honorarios de abogado.*

***Sección 4.17. — Suspensión Sumaria de Licencia o Certificado por Ciertas Violaciones Reglas.***

*(a) El Director de la Oficina de Asuntos de Practicaje en Puerto Rico expedirá una orden de emergencia suspendiendo por un período que no excederá de quince (15) días o hasta que se celebre una vista que culmine en favor del práctico, la licencia de cualquier práctico o el certificado de cualquier práctico aprendiz o probatorio que, al proveer servicios de practicaje, se encuentre bajo los efectos del alcohol, drogas, estupefacientes, sustancias controladas, porte armas o conduzca una embarcación en forma negligente, y/o esté involucrado en un incidente marítimo que resulte en la muerte de una persona o haya causado daño físico a una persona o daño significativo a una propiedad o al ambiente, a menos que el Director de la Oficina de Asuntos de Practicaje en Puerto Rico determine que ese incidente claramente no fue el resultado de la acción u omisión culposa o negligente del práctico o práctico aprendiz o probatorio.*

*(b) La Autoridad de los Puertos de Puerto Rico adoptará los reglamentos necesarios para administrar lo dispuesto por esta Ley, luego de haber provisto un proceso de vistas públicas a estos efectos con la participación de todos los sectores interesados y del público en general.*

***Sección 4.18. — Expiración Mandatoria de Licencia de Práctico.***

*Las licencias de todos los prácticos expirarán cuando el práctico alcance la edad de setenta (70) años.*

**Sección 4.19. — Tarifas de Prácticos y Sobrecargos.**

*(a) Se autoriza al Director de la Oficina de Asuntos de Practicaje en Puerto Rico a adoptar aquellas reglas, que siendo consistentes con la Ley y con los reglamentos adoptados por la Autoridad de los Puertos de Puerto Rico, sean a su vez necesarias para éste poder cumplir con los deberes y obligaciones impuestos por esta Ley. El Director de la Oficina de Asuntos de Practicaje en Puerto Rico reclutará el personal para poder cumplir con los deberes que esta Ley le impone.*

*(b) Todo fondo que se reciba, conforme a esta Sección, se depositará en la cuenta de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*La Oficina de Asuntos de Practicaje en Puerto Rico pagará todos los gastos en que se incurra de conformidad con esta Sección.*

*(1) A la Autoridad de los Puertos de Puerto Rico se le otorga el poder bajo esta Ley para fijar, por reglamento, tarifas de practicaje a ser cobradas por los prácticos licenciados y sobrecargos para sufragar los gastos directos del Fideicomiso de Administración y Operación y de la Oficina de Asuntos de Practicaje en Puerto Rico, y para ingresar al Fideicomiso del Plan de Pensiones y Bienestar de los Prácticos de Puertos de Puerto Rico.*

*Luego de celebrar vistas públicas conforme a la Ley Núm. 38-2017, "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", las tarifas de practicaje y sobrecargos en vigor a la fecha en que entre en vigor la Ley podrán ser facturadas y cobradas hasta que la Autoridad fije diferentes tarifas y sobrecargos, según provisto en la Ley.*

*(2) Todas las solicitudes para cambios en las tarifas o sobrecargos deberán radicarse por escrito ante el Director de la Oficina de Asuntos de Practicaje en Puerto Rico, de conformidad con las reglas determinadas por éste. En el caso de que una solicitud para cambio de tarifas o sobrecargos sea radicada por un práctico o una asociación debidamente reconocida de prácticos, la misma deberá estar acompañada de un Estado Financiero Certificado, Estado de Ingresos y Gastos, y un Estado de Situación preparados por un Contador Público Autorizado del práctico o de la asociación de prácticos que la solicite y toda la información relevante, fiscal y no fiscal, sobre las actividades de practicaje dentro del puerto afectado, incluyendo información financiera de toda entidad o entidades, propiedad, en todo o en parte, del práctico o de la asociación de prácticos que provee o proveen servicios relacionados con el practicaje en el puerto o puertos. En el caso de solicitudes para el cambio de tarifas o sobrecargos radicadas por personas que no sean prácticos o asociaciones de prácticos, la información relativa a los estados financieros se le requerirá sólo en la medida en que dicha información sea relevante a la solicitud o argumentos subsecuentes ante la Autoridad de los Puertos de Puerto Rico.*

*(3) El Director de la Oficina de Asuntos de Practicaje en Puerto Rico deberá investigar y determinar, para informar de forma detallada a la Junta de Directores de la Autoridad de los Puertos de Puerto Rico, si el cambio solicitado en la tarifa o sobrecargo resultará en uno claro, justo y razonable, de conformidad con las reglas establecidas por la Autoridad de los Puertos de Puerto Rico. Además, de la publicación requerida por ley, la vista pública para determinar las tarifas de practicaje y sobrecargos se notificará por correo a toda persona que solicitó formalmente ser notificada de cualquier solicitud de cambio de tarifa o sobrecargo en el puerto afectado. Dicha notificación les informará a todas las partes interesadas que pueden radicar una contestación a la*

31

*petición, una petición adicional o alterna, o cualquier otra alegación, dentro de los treinta (30) días subsiguientes a la publicación de la notificación, y especificará la fecha en que deberá radicarse la contestación o cualquier alegación responsiva. La Autoridad de los Puertos de Puerto Rico deberá concluir su investigación, celebrar una vista pública, y determinar si modificará las tarifas de practicaje o sobrecargos dentro de los noventa (90) días siguientes al archivo de las solicitudes completas.*

*(4) Cuando la Autoridad de los Puertos de Puerto Rico examine si la solicitud de cambio de tarifa o sobrecargo resultará en uno claro, justo y razonable, ésta deberá considerar el interés público en promocionar y mantener servicios de practicaje eficientes, confiables y seguros. Además, la Autoridad podrá considerar los siguientes factores:*

*(a) El interés público de que en cada puerto haya disponibles prácticos debidamente cualificados que rindan el servicio a toda embarcación que lo solicita.*

*(b) La determinación del ingreso neto promedio de los prácticos en los diferentes puertos, incluyendo el valor de todos los otros beneficios marginales que éstos reciben del practicaje. Para propósitos de este inciso "ingreso neto de los prácticos" significa el total de los cargos cobrados por el practicaje en un puerto menos los gastos operacionales que no estén siendo sufragados por otras fuentes, dividido por el número de prácticos activos en el puerto.*

*(c) Los gastos operacionales de los prácticos en cada puerto.*

*(d) El tiempo promedio que le toma a cada práctico rendir un servicio y el número de servicios promedio que rinde durante la guardia.*

*(e) La compensación prevaleciente de individuos en la industria marítima en posiciones profesionales comparables a la de los prácticos, reconociendo el hecho de que para atraer personas que cualifiquen como prácticos de excelencia la compensación del práctico debe ser igual o mayor que la de esos individuos.*

*(f) El impacto que el cambio de la tarifa pueda surtir en la compensación de un práctico individual, y si dicho cambio puede provocar una escasez de prácticos o prácticos aprendices o aspirantes cualificados.*

*(g) Posibles cambios en el tránsito de embarcaciones.*

*(h) Costo del plan de retiro y plan médico y el costo del Fondo de Administración y Operación.*

*(i) Los riesgos inherentes al practicaje.*

*(j) Las características, riesgos y peligrosidad de cada puerto.*

*(k) Cualquier otro factor que la Autoridad entienda es relevante al determinar una tarifa justa y razonable.*

*(c) La Autoridad deberá fijar las tarifas y sobrecargos de acuerdo con este Artículo, basándose en una fórmula aplicable o combinación de las siguientes características de las embarcaciones:*

*(1) Eslora, manga, tonelaje neto, tonelaje bruto, tonelaje de desplazamiento, cubierta libre o altura sobre el agua y cualquier otra dimensión de las embarcaciones a ser pilotadas.*

*(2) El calado de las embarcaciones a ser pilotadas.*

*(d) La Autoridad de los Puertos de Puerto Rico tendrá la discreción de nombrar un oficial examinador, o al mismo Director de la Oficina de Asuntos de Practicaje en Puerto Rico, para le produzca una recomendación ilustrada de las tarifas de practicaje, sobrecargos y/o cualquier otra gestión que estime necesaria.*

**Sección 4.20. — Asociaciones de Prácticos y Fideicomisos de Administración y Operación.**

*(a) Los prácticos licenciados por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico podrán organizarse y ser reconocidos en asociaciones de prácticos para que en conjunto administren sus asuntos y promuevan sus intereses comunes.*

*(b) Una asociación de prácticos que represente a la mayoría de los prácticos sirviendo un puerto puede solicitar el reconocimiento del Director de la Oficina de Asuntos de Practicaje en Puerto Rico. No obstante, el Director de la Oficina de Asuntos de Practicaje en Puerto Rico nunca reconocerá a más de un grupo o asociación de prácticos por puerto.*

*(c) Una asociación de prácticos que busca el reconocimiento del Director de la Oficina de Asuntos de Practicaje en Puerto Rico deberá someter los documentos de asociación y su reglamento operacional para su aprobación. El documento a someter deberá proveer para: la elección de los oficiales por mayoría de votos de los miembros con una licencia sin límites; la división equitativa de las tareas y las asignaciones entre sus miembros; el cobro de los servicios por sus miembros en un fondo común; la distribución de los ingresos recibidos, luego de la deducción de los gastos, entre los miembros sobre una base equitativa; establecer multas monetarias o sanciones por ausencia sin autorización al trabajo o violar la Ley y los reglamentos de la Autoridad de los Puertos de Puerto Rico o de la Oficina de Asuntos de Practicaje en Puerto Rico y los reglamentos de la asociación;*

*establecer requisitos de membresía que estén abiertos a cualquier práctico licenciado sirviendo al puerto o los puertos a que esté autorizado; y cualquier otra provisión relevante a la operación de una asociación de prácticos. A Sección no deberá entenderse como el requerimiento de una división equitativa de la carga de trabajo o ganancias entre prácticos licenciados o prácticos aprendices y probatorios.*

*(d) Los fideicomisarios de cada fideicomiso de administración y operación a ser establecido con el propósito de proveer un fondo para la administración y operación de un servicio de practicaje confiable en los puertos servidos por cada asociación serán dos (2) oficiales electos por cada asociación de prácticos reconocida, dos (2) oficiales electos por la Asociación de Navieros de Puerto Rico por cada asociación de prácticos reconocida y un (1) representante del Gobierno de Puerto Rico, quien podrá ser empleado de cualquier agencia o instrumentalidad gubernamental y será nombrado por la Junta de Directores de la Autoridad de los Puertos de Puerto Rico. Los miembros de la Junta de Directores de la Autoridad de los Puertos o funcionarios y empleados de esta o de la Oficina de Asuntos de Practicaje en Puerto Rico, no podrán ser al mismo tiempo fideicomisarios.*

*El Fideicomiso Administrativo y Operacional será financiado por el sobrecargo que será impuesto, conforme a esta Ley, a las embarcaciones que reciben o están obligadas a recibir, los servicios de practicaje. Todos los gastos administrativos y operacionales al proveer servicios de practicaje, excepto la compensación a los prácticos licenciados, serán pagados de los fondos que ingresen al Fideicomiso. El Fideicomiso podrá recibir y/o procurar la obtención de fondos de cualesquiera otras fuentes que estén disponibles, sujeto a que dicha solicitud, coordinación y obtención de fondos formen parte de un plan de trabajo debidamente aprobado por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*(e) Los fideicomisarios deberán usar los fondos del fideicomiso con el sólo propósito de proveer para la administración y operación de un practicaje efectivo y confiable en sus puertos. En ningún caso los fondos del fideicomiso serán desembolsados como ingresos individuales a los prácticos.*

*(f) Los fideicomisarios del Fideicomiso de Administración y Operación deberán ser responsables de la contabilidad y la administración de los fondos. Con ese fin los fideicomisarios deberán preparar anualmente un presupuesto operacional y un presupuesto de gastos capitales para su revisión por parte de la Oficina de Asuntos de Practicaje en Puerto Rico. Además, deberán someter un Estado Financiero Anual Certificado y un informe de las operaciones para la revisión por parte del Director de la Oficina de Asuntos de Practicaje en Puerto Rico. Gastos capitales en exceso de $20,000 requerirán la aprobación previa del Director de la Oficina de Asuntos de Practicaje en Puerto Rico.*

*(g) Uno o más prácticos podrán incorporarse bajo las Leyes de Puerto Rico para cumplir con sus deberes y obligaciones, como individuo o asociación, en la forma corporativa.*

**Sección 4.21. — Plan de Pensión y Bienestar de los Prácticos de los Puertos de Puerto Rico**

*(a) El Fideicomiso del Plan de Pensión y Bienestar de los Prácticos de Puertos de Puerto Rico, según autorizado por la Resolución Núm. 8304 de 1 de marzo de 1983 de la Autoridad de Puertos de Puerto Rico, según enmendada por la Resolución Núm. 90-63 de 19 de septiembre de 1990, seguirá en vigor según creado y mantenido por los documentos del plan.*

*(b) El Fideicomiso del Plan de Pensión y Bienestar de los Prácticos de Puertos de Puerto Rico será operado y administrado considerando las guías provistas por la Ley Federal conocida como Employee Retirement Income Security of 1974 (ERISA), según enmendada.*

*Sección 4.22. — Poder del Director de la Oficina por delegación*

*El Director de la Oficina de Asuntos de Practicaje en Puerto Rico tendrá poder para adoptar y promulgar reglas y reglamentos para hacer cumplir esta Ley, incluyendo la imposición de aquellos cargos necesarios para financiar el costo administrativo y operacional de la Oficina, en la medida en que la Autoridad de los Puertos de Puerto Rico le delegue específicamente dicho poder.*

*Sección 4.23.- Transferencia de obligaciones, presupuesto, bienes, y derechos*

*Todas las obligaciones, presupuesto, bienes, y derechos, de la Comisión de Practicaje de Puerto Rico pasarán como tales a la Autoridad de Puertos de Puerto Rico."*

Artículo 3. — Se enmienda la Ley 151 de 28 de junio de 1968, según enmendada, conocida como "Ley de Muelles y Puertos de Puerto Rico de 1968", a los fines de crear un nuevo Artículo 7 que disponga como sigue:

*"Artículo 7.- Capitán de Puerto (Harbor Captain) del Puerto de San Juan.*

*Sección 7.01- Se crea el puesto de Capitán de Puerto (Harbor Captain) del Puerto de San Juan, adscrito a la Autoridad de los Puertos de Puerto Rico. Dicho Capitán de Puerto (Harbor Captain) del Puerto de San Juan será nombrado por la Gobernadora o el Gobernador de Puerto Rico y ejercerá el cargo mientras cuente con la confianza de la autoridad nominadora. Deberá ser un profesional de reconocida pericia en materia de seguridad portuaria y tendrá las siguientes funciones, así como los poderes justos y necesarios para cumplir con las mismas, sin menoscabo de la jurisdicción federal sobre las operaciones en el Puerto de San Juan:*

*A. Supervisar el tráfico marítimo en el Puerto de San Juan.*

*B. Coordinar con la Guardia Costera de los Estados Unidos y otras agencias pertinentes todo lo que en Derecho proceda para garantizar la seguridad y las operaciones del Puerto de San Juan.*

*C. Recomendar medidas de seguridad y protocolos de emergencia a cualquier agencia o dependencia gubernamental, así como a cualquier persona natural o jurídica que de alguna manera intervenga en el Puerto de San Juan.*

*D. Hará cumplir las regulaciones, leyes y reglamentos, en torno a la navegación en jurisdicción del Puerto de San Juan y estará autorizado a radicar querellas administrativas para la imposición de multas y penalidades administrativas por violaciones a estas.*

*E. Podrá denunciar ante las agencias de seguridad y del orden público a toda persona sobre la que tenga motivos fundados para creer que ha cometido delito en la jurisdicción que comprende el Puerto de San Juan.*

*F. Tendrá el poder de supervisar el entorno y la dinámica de practicaje en embarcaciones sujetas a practicaje e imponer multas por incumplimiento con las normas legales y reglamentarias que apliquen a su operación en el Puerto de San Juan, conforme reglamentación aprobada por la Autoridad de los Puertos de Puerto Rico. Dichas multas serán revisadas, en caso de ser impugnadas, por el Director de la Oficina de Asuntos de Practicaje en Puerto Rico, en los casos en que sean impuestas a prácticos; y por el del Director de la Autoridad de los Puertos en segunda instancia en los casos de prácticos, y en primera instancia en caso de haber sido impuestas a cualquier otra persona. La Autoridad de los Puertos de Puerto Rico dispondrá mediante reglamentación todo lo*

38

*relacionado a procesos adjudicativos al amparo de este Artículo y al correspondiente proceso para su revisión judicial.*

*G. Tendrá a su cargo la coordinación operativa en el Puerto de San Juan, esto implica que determinará cómo se deberán ubicar los buques en los respectivos muelles, según dimensiones, calado y tipo de carga.*

*H. Coordinará el abordaje de prácticos y las maniobras de entrada-salida del Puerto de San Juan.*

*I. Tendrá autoridad para ser el principal coordinador de operaciones de mitigación de incendios, derrames, colisiones o desastres naturales.*

*J. Coordinará la prestación de servicios técnicos como remolcadores, amarre, suministro de agua y combustible, en el Puerto de San Juan.*

*K. Asumirá aquellas funciones que la Autoridad de Puertos de Puerto Rico le delegue conforme a su competencia.*

*Sección 7.02.- Sueldo, emolumentos y condiciones del cargo*

*El sueldo, emolumentos y demás condiciones del cargo de Capitán de Puerto del Puerto de San Juan serán fijados por la Junta de Directores de la Autoridad de los Puertos de Puerto Rico."*

Artículo 4.- Se enmienda la Ley 151 de 28 de junio de 1968, según enmendada, conocida como "Ley de Muelles y Puertos de Puerto Rico de 1968", a los fines de renumerar sus actuales Artículos 7, 8, 9, y 10, como 8, 9, 10, y 11, respectivamente.

Artículo 5.- Derogación de leyes en contrario

Cualquier disposición de ley o porción de ley que contravenga lo dispuesto en esta Ley, queda por la presente derogada.

39

Artículo 6. — Cláusula de Separabilidad.

Si cualquier párrafo, artículo o parte de esta Ley fuera declarada inconstitucional por un Tribunal con competencia y jurisdicción, la sentencia dictada no afectará ni invalidará el resto de esta Ley, y su efecto se limitará al párrafo, artículo o parte declarada inconstitucional.

Artículo 7. — Vigencia

Esta Ley entrará en vigor a los ciento veinte (120) días luego de su aprobación; disponiéndose, que mientras la Oficina de Asuntos de Practicaje en Puerto Rico no se constituya conforme a los parámetros de esta Ley, se mantendrá el estado de derecho y administrativo vigente previo a la aprobación de la Ley sobre la profesión del practicaje.