IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAPTAIN JAKE ELMSTROM; CAPTAIN TOMAS BUSTO; CAPTAIN CARLOS E. RAMOS; CAPTAIN KENNETH DIAZ; CAPTAIN RICHARD FLYNN; CAPTAIN CARLOS GUTIERREZ; CAPTAIN CARLOS LOPEZ<br><br>    Plaintiffs,<br><br>    v.<br><br>NFENERGIA LLC, A NEW FORTRESS ENERGY SUBSIDIARY; PILOTAGE COMISSION OF PUERTO RICO; ATTORNEY JESSICA ÑECO MORALES, IN HER OFFICIAL CAPACITY AS ACTING PRESIDENT OF THE PILOTAGE COMISSION<br><br>    Defendants | **Civil No. 25-CV-01462**<br><br><br>RE: COMPLAINT; PRELIMINARY AND PERMANENT INJUNCTION; DECLARATORY JUDGMENT<br><br>**IN ADMIRALTY** |

**URGENT MOTION FOR RECONSIDERATION AND TO VACATE ORDER COMPELLING REPRESENTATION**

**TO THE HONORABLE COURT:**

 **COMES NOW** attorney Ignacio J. Gorrín-Maldonado, appearing specially and solely for the purpose of contesting the Court's Order issued on April 30, 2026 [**237**], and respectfully moves this Honorable Court to reconsider and vacate said Order, and states:

1.      The Court's Order compels a non-party attorney, who has not appeared, has not been retained, and has not consented, to assume representation of Defendant Jessica Ñeco-Morales in a federal contempt proceeding scheduled for May 4, 2026. Respectfully, the Order exceeds the Court's authority, infringes upon fundamental constitutional protections afforded to Defendant attorney Jessica Ñeco-Morales, and places the undersigned in an untenable ethical and

1

contractual position.

2.      The undersigned is not counsel of record in this case, has not entered an appearance and is not a party to this proceeding. Furthermore, no attorney-client relationship exists between the undersigned and the Pilotage Commission of Puerto Rico (hereinafter referred to as PCPR) nor attorney Jessica Ñeco-Morales for this federal litigation. While the undersigned's firm maintains a contractual relationship with PCPR in other Commonwealth proceedings, that engagement is expressly limited in scope. Said contractual relationship does not extend to federal litigation and does not authorize appearance in this case. Absent retention by the PCPR, authorization, or consent, there is no legal foundation upon which representation may be imposed.

3.      The Order issued by this Honorable Court effectively mandates compelled legal representation in the instant case. Compelling the undersigned attorney to render professional services without consent from the PCPR, nor Jessica Ñeco-Morales for this litigation, raises serious constitutional concerns and conflicts with foundational principles governing the legal profession, namely, that representation is premised on client consent and defined scope.

4.      The undersigned's existing contractual obligations with the PCPR are limited and defined. Compliance with the Court's Order would require the undersigned to act outside the authorized scope of representation of a governmental entity of the Commonwealth of Puerto Rico, potentially bind the PCPR and its President without authority, and risk violations of applicable rules of professional conduct absent a specific contractual relationship. This places the undersigned in a direct conflict between court compliance and binding ethical and contractual duties, an untenable position this Honorable Court should not require an attorney to endure.

5.      A contempt proceeding carries significant consequences upon Defendant Jessica

Ñeco-Morales. Forcing an unretained and unprepared attorney to assume representation in such a short time could deprive Defendant Jessica Ñeco Morales of informed and effective counsel, undermines the integrity of the proceeding, and creates substantial risk of prejudice against her. Due process requires meaningful representation, not the compelled presence of an attorney unfamiliar with the record of a federal litigation and, above all, unauthorized to act in such a short time.

6.      Defendant Jessica Ñeco-Morales is already represented by federal counsels, Manuel Porro-Vizcarra and Myrmarie Laborde. Granting the continuance requested by the attorneys of record preserves the Defendant's rights, respects the attorney-client relationship, and avoids the need for extraordinary and unsupported judicial intervention. It is the least restrictive and most appropriate course of action.

7.      Notably, the undersigned's name was suggested by Plaintiffs' counsels despite their clear knowledge that the undersigned is not counsel of record in this federal case but rather represents the PCPR in a state-court matter (*CIVIL NUM: SJ2025CV07333*). Permitting such a suggestion to serve as the basis for compelled representation would create a dangerous and untenable precedent. It would effectively grant opposing counsels the power to select or propose attorneys for adverse parties, thereby interfering with a litigant's fundamental right to choose its own counsel for a particular litigation. Moreover, it would expose attorneys who represent clients in other matters to the risk of being forcibly assigned to additional cases for which they were neither retained nor authorized. Such a result would undermine the integrity of the attorney-client relationship and disrupt the orderly administration of justice.

8.      Ironically, Plaintiffs' counsel omits material and important information in seeking to compel the undersigned to appear at the contempt hearing scheduled for next Monday on

behalf of Defendant Jessica Ñeco Morales. Specifically, counsel fails to disclose that, in the litigation currently pending before the Superior Court of San Juan, Plaintiff Carlos Ramos has affirmatively alleged that the law firms *Hernández & Gorrín, LLC*, as well as *Jiménez, Graffam & Lausell*, are purportedly burdened by conflicts of interest in their representation of PRPC in several judicial proceedings. Having taken that position, Plaintiffs now attempt to compel the very same undersigned counsel to appear in this federal action, in direct contravention of their own prior assertions. This inconsistency is not merely incongruous; it is indicative of impermissible gamesmanship and a troubling lack of good faith. Such contradictory litigation positions, advanced for apparent tactical advantage, should not be allowed by this Honorable Court.

9.      In sum, as previously argued, the ethical implications inherent in compelling the undersigned counsel to appear at the contempt hearing scheduled for next Monday far outweigh any minimal prejudice or inconvenience that could result from the brief continuance requested by counsel Manuel Porro-Vizcarra. Accordingly, in the interest of fairness, due process, and the preservation of fundamental professional responsibility standards, this Honorable Court should grant the requested continuance.

10.      Finally, without waving any of the foregoing jurisdictional, constitutional, and ethical objections, the undersigned further informs the Court that he has pre-existing, non-deferrable professional and personal obligations that make compliance with the Court's Order impracticable. Specifically, the undersigned is scheduled to close a previously arranged purchase and sale transaction related to a property located at the Cosmopolitan Condominium and has multiple professional commitments already calendared in preparation for previously scheduled travel to the cities of Chicago and Milwaukee from May 6 through May 12, 2026. These

circumstances, independently and collectively, underscore the unreasonableness of compelling the undersigned to assume immediate representation in a federal contempt proceeding for which he has neither been retained, authorized nor prepared.

**WHEREFORE**, the undersigned attorney respectfully requests that this Honorable Court vacate its Order [**237**] compelling the undersigned to assume representation of Defendant Jessica Ñeco-Morales and appear at the contempt hearing scheduled for May 4, 2026; recognize that the undersigned has no obligation to appear as counsel in this matter absent authorization, consent and an engagement with the PCPR, a governmental entity of the Commonwealth of Puerto Rico; and grant a continuance to allow retained federal counsels Manuel Porro-Vizcarra and Myrmarie Laborde to appear, as requested.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of May 2026.

**HERNANDEZ & GORRIN, LLC**
VIG Tower, Suite 1006
1225 Ave. Ponce de León
San Juan, PR 000907
Tel.: (787) 724-8821
Fax:(787) 724-2161
Móvil: (787) 646-9738

S/*IGNACIO GORRIN MALDONADO*
USDC-PR No. 211182
Email: igorrin@hernandezgorrin.com
