THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAPT. TOMAS BUSTO-ALVAREZ et al.,<br><br>Plaintiff<br><br>V.<br><br>NFENERGIA LLC, A NEW FORTRESS ENERGY SUBSIDIARY et al.,<br><br>Defendants | CIVIL NO.:   25-1462 (SCC) |

**URGENT MOTION TO COMPEL PRODUCTION OF VDR DATA
THE COURT PREVIOUSLY ORDERED BE PRESERVED, <u>BEFORE</u>
<u>THE ENERGOS MARIA DEPARTS ON MAY 31, 2026</u>**

COME NOW Plaintiffs, through their undersigned attorneys, and very respectfully state, allege, and pray as follows:

**I. INTRODUCTION AND URGENT RELIEF REQUESTED**

Plaintiffs respectfully request that the Court urgently order Defendant NFENERGIA LLC ("NFE") to produce the Voyage Data Recorder ("VDR") data and associated bridge audio, radio communications, navigational data, and related electronic records concerning the ENERGOS MARIA's entry into San Juan Bay on May 5, 2026—the same materials this Court already ordered NFE to preserve at docket entry number 241. Plaintiffs also request that the Court order NFE to produce: (a) the **log book page** containing the entry for the ENERGOS MARIA's entry into San Juan Bay on May 5, 2026; and (b) the **pilot card** filled out for that same vessel entry. These matters were not the subject of the motion requesting emergency preservation, not because they are not relevant, but because unlike the VDR data they are not overwritten or otherwise disposed of in the ordinary course of business.

The requested materials concern a live factual dispute in this case: who participated in the May 5, 2026 vessel entry, and specifically, whether Captain César Montes, who is not a San Juan Bay Pilot but is a consultant for NFE, provided operational instructions or pilotage services; what communications occurred aboard the bridge and with assisting tugboats; and the circumstances under which the vessel was brought into San Juan Bay despite high winds.

Plaintiffs have already requested the VDR data from NFE's counsel. NFE's counsel represented that NFE complied with the Court's preservation order and stated that he would "check on the data," but no production has been made and no substantive response has been provided. **Because the ENERGOS MARIA is scheduled to depart on May 31, 2026, just five days from now, Plaintiffs respectfully request urgent Court intervention.**

## II. RELEVANT BACKGROUND

On May 5, 2026, NFE brought the LNG vessel ENERGOS MARIA into San Juan Bay. That same day, Plaintiffs filed an emergency motion requesting an order requiring NFE to preserve all VDR data and bridge audio recorded aboard the ENERGOS MARIA during its entry into San Juan Bay. See docket number 240. As Plaintiffs explained in their motion, the requested preservation was urgent because, upon information and belief, the VDR aboard the ENERGOS MARIA automatically overwrites recorded data and/or bridge audio within approximately six hours of recording. See Docket 240. Plaintiffs further explained that the VDR evidence was material because Plaintiffs anticipated Defendants or others may contend that Captain César Montes did not provide pilotage services and was present only as an observer, whereas Plaintiffs understood that Captain Elmstrom and others heard Captain César Montes' voice over the radio giving instructions to tugboats assisting with the movement. See docket number 240.

The Court granted Plaintiffs' emergency request that same day. See docket number 241. In its Order, the Court directed NFE, its employees, agents, contractors, and any person acting on its behalf or under its control or command to preserve and prevent the overwriting, alteration, deletion, destruction, or loss of all VDR data, bridge audio, radio communications, navigational data, and related electronic records concerning the ENERGOS MARIA's entry into San Juan Bay on May 5, 2026, including the period beginning at least one hour before the relevant vessel entry operations and continuing until at least one hour after completion of the entry. See docket number 241. The Court further ordered NFE to take all steps necessary to suspend any automatic overwriting, deletion, alteration, or loss of the relevant VDR data and bridge audio, and to preserve the evidence in a manner maintaining its integrity, metadata, and chain of custody. See Docket 241. Last, the Court ordered NFE to file a certification of compliance by close of business on May 6, 2026, and expressly warned that failure to strictly adhere and comply with the order would result in sanctions. See docket number 241.

## III. PLAINTIFFS' REQUEST FOR PRODUCTION AND NFE'S FAILURE TO PRODUCE

On May 12, 2026, Plaintiffs' counsel requested that NFE advise whether it was willing to obtain and provide Plaintiffs with a copy of the VDR data from the ENERGOS MARIA that the Court ordered preserved. See **Exhibit A**, p. 3. The next day counsel for NFE responded that "NFE complied with the order regarding preserving the VDR data," asked Plaintiffs to identify the purpose and basis for the request, and stated that he would "check on the data." See **Exhibit A**, p. 2, email of May 12, 2026 at 5:57 PM. The following morning counsel for plaintiffs responded that Plaintiffs requested the VDR data because the entry of the ENERGOS MARIA was not performed by a pilot licensed to provide pilotage services in San Juan Bay, and that the VDR data would prove it. See **Exhibit A**, p. 3. email of May 13, 2026 at 6:55 AM. At the end of the day, counsel

3

for plaintiffs again followed up and asked NFE's counsel to advise whether Plaintiffs needed to request the data via court order. See **Exhibit A**, p. 1.

To date, NFE has not produced the VDR data, the associated VDR materials, the log book page for the May 5, 2026 entry, or the pilot card filled out for that entry. Nor has NFE provided a substantive response confirming when the materials will be produced. Because the ENERGOS MARIA is scheduled to leave port on May 31, 2026, plaintiffs therefore file this urgent motion to compel production of materials that are directly relevant, already preserved by order of the Court, and necessary to address factual issues in this case.

## IV. ARGUMENT

### A. The Requested Materials Are Directly Relevant and Proportional

The VDR data and related vessel entry records are directly relevant to disputed facts in this case. They bear on who participated in the May 5, 2026 entry; who gave operational instructions; whether any non-licensed person performed or assisted in pilotage functions; what communications occurred with tugboats; the timing and circumstances of the vessel entry; and whether the movement proceeded under conditions inconsistent with applicable safety parameters. The requested log book page and pilot card are likewise relevant. They are expected to identify the vessel-entry particulars, the persons involved in the movement, the operational context, and contemporaneous vessel records for the same event captured by the VDR.

The requested production is narrow. Plaintiffs seek only records concerning the ENERGOS MARIA's May 5, 2026 entry into San Juan Bay, including the VDR materials already covered by the Court's preservation order, plus the corresponding logbook page and pilot card for the same entry. The requested production is furthermore proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The materials are uniquely probative, concern central disputed

issues, and are within NFE's possession, custody, control, or practical access. The burden of producing data and documents already preserved or maintained in the ordinary course is minimal compared to their evidentiary significance.

**B. NFE Should Be Ordered to Produce the VDR Materials Preserved Under the Court's Order**

This Court has already determined that the VDR data, bridge audio, radio communications, navigational data, and related electronic records concerning the ENERGOS MARIA's May 5, 2026 entry into San Juan Bay required immediate preservation. See docket 241. NFE's counsel has represented that NFE complied with that preservation order, and notably, represented that had plaintiffs communicated with NFE's counsel prior to filing their emergency motion for preservation, "NFE would have taken all necessary steps to preserve the relevant VDR data, bridge audio, and all related electronic records without the necessity of court intervention." See docket number 242, p. 2, ¶ 5. In other words, NFE has informed it had the means to preserve the requested data, and informed it complied with the Court's Order. Accordingly, the preserved materials should now be produced so that Plaintiffs may use them in this case.

Federal Rule of Civil Procedure 34 permits a party to request production of documents and electronically stored information within another party's possession, custody, or control. Fed. R. Civ. P. 34. Federal Rule of Civil Procedure 37 authorizes a motion to compel where a party fails to produce requested materials or otherwise fails to cooperate in discovery. Fed. R. Civ. P. 37. Plaintiffs made a request in good faith, when asked explained the reason for their request, but have received no response. Given that the ENERGOS MARIA is scheduled to depart on May 31, 2026, plaintiffs are well within reason in filing this motion.

The Court also has inherent authority to manage proceedings before it, enforce its orders, and protect the integrity of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-

46 (1991). That authority is particularly important where evidence has already been the subject of an emergency preservation order and where delayed access impairs the parties' ability to litigate live factual issues.

Plaintiffs are not asking the Court to impose sanctions through this motion. Plaintiffs request production. However, because the Court's preservation order expressly warned that failure to strictly adhere and comply would result in sanctions, Plaintiffs respectfully request that any production order also require NFE to preserve all metadata, chain-of-custody information, export logs, download logs, and any certification or documentation showing how the VDR materials were preserved, extracted, copied, or maintained.

### C. The Logbook Page and Pilot Card Should Also Be Produced

The logbook page and pilot card for the ENERGOS MARIA's May 5, 2026 entry into San Juan Bay are part of the same factual event and are narrowly tailored to the same evidentiary issue addressed by the Court's preservation order. These records are necessary to understand, authenticate, and contextualize the VDR data. They should identify or reflect the vessel movement, timing, pilotage information, and entry particulars for the same operation at issue.

Production of the requested materials imposes no undue burden. Plaintiffs request only the specific logbook page containing the May 5, 2026 San Juan Bay entry and the pilot card filled out for that entry—not the vessel's complete logbooks or unrelated voyage documents.

### D. Urgent Relief Is Warranted

Urgent relief is warranted because first off, the ENERGOS MARIA is scheduled to depart San Juan in five days. Additionally, the evidence concerns an event that occurred during the pendency of this litigation, has already required emergency Court intervention, and bears directly on disputed facts likely to affect the parties' claims, defenses, expert analysis, and case preparation.

Moreover, plaintiffs attempted to obtain the VDR materials without Court intervention. NFE did not produce them. Plaintiffs should not be required to wait further for materials that are already preserved by order of this Court and that NFE has represented were preserved. Accordingly, Plaintiffs respectfully request that the Court order the requested production by May 30, 2026 (the day before the vessel's departure),  and require NFE to identify the person or persons responsible for preserving, extracting, exporting, maintaining, and producing the VDR materials.

## V. REQUESTED ORDER

Plaintiffs respectfully request that the Court order NFENERGIA LLC, its employees, agents, contractors, and any person acting on its behalf or under its control or command to produce to Plaintiffs, on or before May 30, 2026, the following materials:

a. all VDR data concerning the ENERGOS MARIA's entry into San Juan Bay on May 5, 2026, including the period beginning at least one hour before the relevant vessel entry operations and continuing until at least one hour after completion of the entry;

b. all bridge audio for that same period;

c. all VDR-recorded or VDR-associated radio communications for that same period;

d. all VDR-recorded or VDR-associated navigational data for that same period, including AIS, GPS, ECDIS, radar, speed, heading, course, engine, helm, and order data to the extent captured by or associated with the VDR;

e. all VDR-recorded or VDR-associated communications with assisting tugboats for that same period;

f. all exported, downloaded, copied, backed up, or otherwise preserved versions of the foregoing;

7

g.  all metadata, file structure, export information, preservation records, download logs, chain-of-custody records, and documentation showing how the VDR materials were preserved, extracted, copied, exported, maintained, or transferred;

h.  the vessel logbook page containing the entry for the ENERGOS MARIA's entry into San Juan Bay on May 5, 2026; and

i.  the pilot card filled out for the ENERGOS MARIA's entry into San Juan Bay on May 5, 2026.

Plaintiffs further request that the Court order NFE to produce the VDR materials in their **native electronic format**, with all associated metadata and without alteration, compression, conversion, or filtering that could affect the integrity, usability, or evidentiary value of the data.

Plaintiffs further request that the Court order NFE to file, contemporaneously with production, a certification identifying:

a.  the person or persons who preserved the VDR materials;

b.  the person or persons who extracted, exported, downloaded, copied, or otherwise handled the VDR materials;

c.  the date and time of each preservation, extraction, export, download, copy, transfer, or production step;

d.  the equipment, software, method, and format used to preserve, extract, export, download, copy, transfer, or produce the VDR materials;

e.  whether any portion of the VDR data, bridge audio, radio communications, navigational data, or related electronic records was overwritten, altered, deleted, corrupted, lost, unavailable, or not preserved; and

8

f.   if any responsive material is not produced, the specific reason for nonproduction and the identity of the person or entity believed to have possession, custody, control, or practical access to the material.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court urgently enter an order compelling NFENERGIA LLC to produce the VDR data and associated materials preserved pursuant to the Court's Order at docket number 241, together with the logbook page and pilot card for the ENERGOS MARIA's entry into San Juan Bay on May 5, 2026, on or before May 30, 2026; require production in native format with metadata and chain-of-custody information; require a certification identifying the preservation and production steps taken; and grant any other relief the Court deems just and proper.

In San Juan, Puerto Rico, this 26th day of May, 2026.

I HEREBY CERTIFY that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notice of its filing electronically to all attorneys of record.

Respectfully submitted,

**S/ FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
Bar No.: 210510
E-mail: fecolon@colonramirez.com
**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (787) 425-4652/ Fax: (787) 425-4731

9

**S/GIANCARLO FONT GARCÍA**
GIANCARLO FONT GARCÍA
USDC-PR NO. 210612
gfont@drcprlaw.com
**GIANCARLO FONT**
306 Calle Coll y Toste
San Juan, PR 00918
TEL. (787) 622-6999
(787) 647-1876

**S/ LUIS MANUEL PAVÍA-VIDAL**
LUIS MANUEL PAVÍA-VIDAL
USDC-PR NO. 227205
pavialaw@gmail.com
URB. BALDRICH
COLL Y TOSTE ST. #306
SAN JUAN, PR 00918
TEL. (787) 622-6999

**S/ MIGUEL A. NAZARIO, JR.**
MIGUEL A. NAZARIO,JR.
USDC PR No. 214502
e-mail: man@nblawpr.com
**NAZARIO BRICEÑO LAW OFFICES, LLC**
Cervantes 82,
San Juan, Puerto Rico 00907
Tel. (787) 449-2717