THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAPT. TOMAS BUSTO-ALVAREZ et al., <br><br> Plaintiff <br><br> v. <br><br> NFENERGIA LLC et al., <br><br> Defendants | CIVIL NO.:   25-1462 (SCC) |

**MOTION FOR SUPPLEMENTAL COMPLIANCE, DISCLOSURE OF COMMUNICATIONS AND DRAFTS, AND FURTHER RELIEF REGARDING COMPLIANCE WITH THE COURT'S MAY 26, 2026 OPINION AND ORDER**

TO THE HONORABLE COURT:

COME NOW Plaintiffs, through undersigned counsel, and respectfully move this Honorable Court for an order requiring the Puerto Rico Pilotage Commission and its President, attorney Jessica Ñeco Morales, to supplement their weekly compliance certifications and disclose the communications, instructions, drafts, redlines, and related materials concerning Resolution and Order 2026002 that appear to have been generated or exchanged outside the full Commission email chain and without Commissioner Captain Carlos Ramos. In support, Plaintiffs respectfully state as follows:

**I. RELEVANT BACKGROUND**

On October 10, 2025, Plaintiffs, the Puerto Rico Pilotage Commission, and attorney Jessica Ñeco-Morales, in her official capacity as President of the Commission, entered into a settlement agreement pursuant to which the Commission and its President agreed, among other things, that: "The Commission will officially notify Commissioner Captain Ramos of all resolutions and letters, and notice of meetings in accordance with Law 226, including those involving all matters related to LNG vessels." See docket 125-1., p. 3, ¶ 5. The same agreement recognized that Captain Ramos

would "assume his complete fiduciary duties as a duly appointed commissioner by the Governor of Puerto Rico." *Id.*, ¶ 6.

On May 26, 2026, this Court granted Plaintiffs' request to hold attorney Ñeco-Morales in contempt. The Court held that Paragraph 5 of the settlement agreement was clear and unambiguous, and that the Commission and its President Ms. Ñeco-Morales were obligated to relay "all resolutions and letters, and notice of meetings" to Commissioner Ramos. See docket 262, p. 4. The Court further found that the evidence supported the conclusion that there had been "a deliberate effort to keep Commissioner Ramos in the dark" and that attorney Ñeco-Morales was responsible for keeping her fellow commissioners informed regarding matters affecting the Commission. *Id.*, p. 12.

As a remedial measure, the Court ordered attorney Ñeco-Morales to file weekly informative motions certifying compliance with the settlement agreement, "including but not limited to" stating that she had relayed all invitations regarding the task force and otherwise to Commissioner Ramos. See docket 262, p. 13. The Court's order came with a stern warning: "Once bitten, twice shy. The Commission and Ms. Ñeco-Morales would be wise to stick to the terms agreed to in the Agreement or risk more severe sanctions from the Court." *Id.*, p. 14.

Since then, the Commission and President Ñeco-Morales have filed four almost-identical, weekly "compliance" motions certifying, in substance, that attorney Ñeco-Morales has relayed all invitations of Commission meetings to Commissioner Ramos and has not notified him of further taskforce meetings because she has allegedly received no further invitations from the Puerto Rico Ports Authority Director and has not met with taskforce members absent such an invitation. See dockets 272, 291, 294, and 295. However, none of the four motions filed by Ms. Ñeco-Morales

certify having notified communications to Commissioner Captain Ramos. For reasons stated below, this is now a major omission.

## II. THE JUNE 3 AND JUNE 11 EMAIL CHAINS RAISE A NEW COMPLIANCE ISSUE

On or about April 30, 2026, attorney Alberto Castañer (who represents NFE in this case), acting on behalf of the Puerto Rico Shippers Association, filed before the Pilotage Commission an Application for a Cease and Desist to preclude the San Juan Bay Pilots Corporation, and all San Juan Bay Pilots, from using in any way the safety guides published by the San Juan Bay Pilots Corporation. The Spanish version of the Application is submitted herewith as **Exhibit 1**, and an unofficial translation is submitted as **Exhibit 2** (with a request for leave to submit certified translations in 15 days).

On June 3, 2026, Diana Rivera of the Commission circulated to the commissioners a draft resolution concerning the cease and desist proceeding commenced by attorney Castañer, for their review and approval for signing and issuing the same. The Spanish version of the email chain is submitted herewith as **Exhibit 3**, and an unofficial translation is submitted as **Exhibit 4** (with a request for leave to submit certified translations in 15 days). The forwarded portion of that June 3 chain shows that the draft was prepared or transmitted by attorney Rafael A. Toro Arsuaga to attorney Ñeco Morales, copying Diana Rivera. See **Exhibit 4**, p. 1, bottom. The attorney's message stated: "As requested, the interlocutory resolution and order of cessation and desist, is attached.". *Id.* Commissioner Captain Ramos was never made aware of any request to attorney Toro.

Commissioner Captain Ramos timely objected to the proposed draft. See **Exhibit 4**, p. 3, bottom. His June 4, 2026 response stated that he disagreed with the circulated draft and that issuing it as drafted would constitute a serious error. *Id.,* p. 4, top. Commissioner Captain Ramos also

3

requested that his written position be submitted for legal consideration before the Commission made a final determination. See **Exhibit 4**, p. 7, top.

On June 11, 2026, after Commissioner Ramos's objection and request for legal review, Diana Rivera circulated another email concerning Resolution and Order 2026-002. The Spanish version of this email chain is submitted herewith as **Exhibit 5**, and an unofficial translation is submitted as **Exhibit 6** (with a request for leave to submit certified translations in 15 days). This time, the email did not include the prior attorney originating chain or identify who revised the draft, who instructed that it be circulated, what changes had been made, or whether Commissioner Captain Ramos's written objections had been provided to or considered by counsel. Instead, the June 11 email stated: "Per instructions, a revised final copy of Resolution and Order 2026-002 is sent for approval and signature." See **Exhibit 6**, p. 1. Commissioner Captain Ramos immediately identified a problem in that he could not see the changes in the new version and requested a copy with "track changes." See **Exhibit 6**, p. 2, bottom to p. 3, top.

The June 11 email chain therefore shows that, after Commissioner Captain Ramos's substantive objection and request for legal review, a "final revised" version of the Commission's Resolution and Order 2026-002 was circulated "per instructions." Yet the record disclosed to Commissioner Captain Ramos does not reveal who gave those instructions, what communications preceded them, what edits were made, whether counsel or a third party was involved, or whether those communications were shared with Commissioner Ramos. **This is not a trivial omission.** The subject matter was a Commission resolution and order in an adversarial proceeding filed by the Puerto Rico Shippers Association against the San Juan Bay Pilots. The settlement agreement at docket 125-1 expressly requires Commissioner Captain Ramos to be officially notified of all

resolutions and letters, and the Court has already found that excluding him from substantive Commission-related communications violated the settlement agreement and the Court's orders.

## III. ARGUMENT

### A. The June 11 "Per instructions" email creates a substantial question whether the Commission and its President again excluded Commissioner Captain Ramos from communications concerning a Commission resolution.

The June 11 email does not merely circulate a document. It circulates a "final copy" of a Commission resolution and order "Per instructions." See **Exhibit 6**, p. 1. This language necessarily implies that someone gave instructions before the revised final version was circulated. The email does not identify who gave the instructions, what they were, whether they were based on legal advice, whether they came from President Ñeco Morales, Commission counsel, Commission staff, another commissioner, PRSA/Navieros, Ports Authority personnel, counsel for the Shippers' Association or any other third party, or whether Commissioner Captain Ramos was included (he was not).

The timing makes the issue more serious. Commissioner Captain Ramos objected to the original draft and specifically requested that his written position be submitted for legal consideration before a final determination. Less than one week later, a "revised final copy" appeared "per instructions," but without any disclosure of the communications, legal review, instructions, edits, or redline that produced it.

If the "instructions" referenced in the June 11 email were given by or to the Commission, President Ñeco-Morales, Commission staff, Commission counsel, or any third party concerning the substance, revision, approval, or issuance of Resolution and Order 2026-002, then those communications would have had to been disclosed to Commissioner Captain Ramos given the Commission's and attorney Ñeco-Morales' obligation to keep Commissioner Captain Ramos "up

to speed" on a Commission matter. If such communications exist, and to the extent they were not shared with Commissioner Captain Ramos, then the Commission and Ms. Ñeco-Morales would once again be in contempt of Court.

Plaintiffs do not ask the Court at this stage to assume what the undisclosed communications contain. Plaintiffs ask the Court to require disclosure sufficient to determine whether there has been further noncompliance, and to prevent the weekly compliance process from becoming a narrow and pro forma certification about meeting invitations while excluding substantive communications, instructions, drafts, and letters concerning Commission action.

**B. The weekly compliance motions are too narrow if they omit communications, instructions, drafts, or legal review concerning Resolution and Order 2026002.**

The compliance motions filed after the Court's May 26 Order certify that attorney Ñeco Morales has relayed invitations to Commission meetings and that she has not received or attended further taskforce meetings. But the Court's Order did not limit compliance to formal meeting invitations. The settlement agreement refers to all resolutions, letters, and meeting notices. See docket 125-1, p. 3, ¶ 5.  The Court's contempt order also referenced Ms. Ñeco-Morales' broader obligation to keep her fellow commissioners (including Commissioner Captain Ramos) informed about matters affecting the Commission. See docket 262, p. 12, first paragraph.

The June 11 email chain demonstrates why a narrow certification is insufficient. A Commission resolution can be materially shaped through draft exchanges, comments, legal review, private instructions, redlines, or communications with interested parties, even if no formal "meeting" occurs. Excluding Commissioner Captain Ramos from those communications would frustrate the settlement agreement just as effectively as excluding him from a meeting notice.

Commissioner Captain Ramos cannot perform his fiduciary duties as a duly appointed commissioner if he receives only the final document for a vote, after undisclosed communications

and instructions have shaped the revised text, and without any redline or explanation of what changed.

**C. The requested relief is targeted and necessary to enforce the Court's prior order.**

Plaintiffs seek targeted relief: production of the materials necessary to identify who gave the June 11 instructions, what communications led to the revised draft, what changes were made, and whether Commissioner Captain Ramos was included or excluded. This relief is consistent with the Court's May 26 Order. The Court retained a forward-looking compliance mechanism, required weekly certifications, and warned that the Commission and its President should "stick to the terms agreed to in the Agreement or risk more severe sanctions from the Court." See docket 262, p. 14, last paragraph.

Plaintiffs respectfully submit that the Court should not have to wait for another fully developed contempt record before requiring basic transparency about a Commission resolution that appears, on the face of the email record, to have been revised "per instructions" after Commissioner Captain Ramos objected and requested legal review.

## IV. CONCLUSION

The June 11, 2026 "Per instructions" email does not answer the compliance question; it creates it. After this Court found a deliberate effort to keep Commissioner Captain Ramos in the dark, a "revised final copy" Commission resolution was circulated "per instructions" after Commissioner Captain Ramos objected and requested legal review, without identifying the source of the instructions, the revisions made, the legal review performed, or the communications that produced the revised draft. Plaintiffs respectfully request targeted disclosure and supplemental certification so the Court and the parties can determine whether the Commission and its President have complied with the settlement agreement and this Court's May 26, 2026 Opinion and Order.

**V. REQUESTED RELIEF**

Clearly the Court must not only ensure the Commission and Ms. Ñeco-Morales faithfully comply with the Court's Opinion and Order at docket 262; it must also keep them on a short leash lest plaintiffs and the Court get bitten yet again. Accordingly, plaintiffs respectfully submit that the Commission, and Ms. Ñeco-Morales, should, within a deadline set by the Court, be ordered to:

1. **Identify the source of the June 11 instructions.** Identify the person or persons who gave the "instructions" referenced in Diana Rivera's June 11, 2026 email stating: "Per instructions, a revised final copy of Resolution and Order 2026-002 is sent for approval and signature." See **Exhibit 6**, p. 1

2. **Produce communications concerning Resolution and Order 2026-002.** Produce all nonprivileged communications, including emails, letters, text messages, memoranda, WhatsApp messages, notes, and attachments, from June 3, 2026 through June 11, 2026, concerning the drafting, revision, legal review, approval, circulation, voting, issuance, or service of Resolution and Order 2026002.

3. **Produce drafts and redlines.** Produce all drafts of Resolution and Order 2026002, including native format documents if available, redlines, track changes versions, comments, metadata showing authorship or revision history, and any comparison showing changes between the June 3 draft and the June 11 "final revised" version.

4. **Produce communications concerning Commissioner Captain Ramos's objection.** Produce all nonprivileged communications reflecting, forwarding, discussing, analyzing, responding to, or relying upon Commissioner Captain Ramos's June 4, 2026 written objection and his request that his position be submitted for legal consideration before a final determination.

8

5.     **Identify excluded communications.** Identify whether any communications concerning Resolution and Order 2026-002 occurred among the Commission, President Ñeco-Morales, Commission staff, counsel, PRSA/Navieros, Ports Authority personnel, any commissioner, or any third party without copying or otherwise including Commissioner Captain Ramos.

6.     **Supplement the weekly compliance certifications.** File a supplemental informative motion certifying whether, from June 3, 2026 through the date of the supplemental filing, the Commission and President Ñeco-Morales have notified Commissioner Captain Ramos of all resolutions, letters, communications, drafts, instructions, and notices of meetings concerning Resolution and Order 2026-002 and the PRSA/SJBP cease-and-desist proceeding, and going forward, list what communications the Commission or President Ñeco-Morales has received, certifying whether each one was shared with Commissioner Captain Ramos.

7.     **Serve a privilege log for any withheld materials.** To the extent any responsive communication or document is withheld on attorney-client privilege, work-product, deliberative process, or any other ground, serve a privilege log identifying the date, author, recipients, general subject matter, privilege asserted, and whether Commissioner Captain Ramos was included or excluded from the communication.

8.     **Provide a track-changes version to Commissioner Captain Ramos.** Provide Commissioner Captain Ramos with a copy of the revised Resolution and Order 2026-002 showing all changes from the June 3 version to the June 11 version, including any available comments, edits, or redlines.

9. **Set a status or show cause hearing if warranted.** After review of the supplemental production and certification, set a status conference or show cause hearing to determine whether

the Commission and President Ñeco-Morales have complied with the settlement agreement and this Court's May 26, 2026 Opinion and Order.

10. **Grant any further relief the Court deems just and proper.** Award such other and further relief as the Court deems necessary to enforce its orders, preserve the integrity of the settlement agreement, and ensure that Commissioner Captain Ramos is not once again excluded from substantive Commission-related communications.

WHEREFORE, for the reasons stated above Plaintiffs respectfully request that this Honorable Court enter an order requiring the Puerto Rico Pilotage Commission and attorney Jessica Ñeco Morales, in her official capacity as President of the Commission, within a deadline set by the Court, to:

2. **Identify the source of the June 11 instructions.** Identify the person or persons who gave the "instructions" referenced in Diana Rivera's June 11, 2026 email stating: "Per instructions, a revised final copy of Resolution and Order 2026-002 is sent for approval and signature." See **Exhibit 6**, p. 1

2. **Produce communications concerning Resolution and Order 2026-002.** Produce all nonprivileged communications, including emails, letters, text messages, memoranda, WhatsApp messages, notes, and attachments, from June 3, 2026 through June 11, 2026, concerning the drafting, revision, legal review, approval, circulation, voting, issuance, or service of Resolution and Order 2026002.

3. **Produce drafts and redlines.** Produce all drafts of Resolution and Order 2026002, including native format documents if available, redlines, track changes versions, comments, metadata showing authorship or revision history, and any comparison showing changes between the June 3 draft and the June 11 "final revised" version.

10

4. **Produce communications concerning Commissioner Captain Ramos's objection.** Produce all nonprivileged communications reflecting, forwarding, discussing, analyzing, responding to, or relying upon Commissioner Captain Ramos's June 4, 2026 written objection and his request that his position be submitted for legal consideration before a final determination.

5. **Identify excluded communications.** Identify whether any communications concerning Resolution and Order 2026-002 occurred among the Commission, President Ñeco-Morales, Commission staff, counsel, PRSA/Navieros, Ports Authority personnel, any commissioner, or any third party without copying or otherwise including Commissioner Captain Ramos.

6. **Supplement the weekly compliance certifications.** File a supplemental informative motion certifying whether, from June 3, 2026 through the date of the supplemental filing, the Commission and President Ñeco-Morales have notified Commissioner Captain Ramos of all resolutions, letters, communications, drafts, instructions, and notices of meetings concerning Resolution and Order 2026-002 and the PRSA/SJBP cease-and-desist proceeding, and going forward, list what communications the Commission or President Ñeco-Morales has received, certifying whether each one was shared with Commissioner Captain Ramos.

7. **Serve a privilege log for any withheld materials.** To the extent any responsive communication or document is withheld on attorney-client privilege, work-product, deliberative process, or any other ground, serve a privilege log identifying the date, author, recipients, general subject matter, privilege asserted, and whether Commissioner Captain Ramos was included or excluded from the communication.

8. **Provide a track-changes version to Commissioner Captain Ramos.** Provide Commissioner Captain Ramos with a copy of the revised Resolution and Order 2026-002 showing all changes from the June 3 version to the June 11 version, including any available comments, edits, or redlines.

9. **Set a status or show cause hearing if warranted.** After review of the supplemental production and certification, set a status conference or show cause hearing to determine whether the Commission and President Ñeco-Morales have complied with the settlement agreement and this Court's May 26, 2026 Opinion and Order.

10. **Grant any further relief the Court deems just and proper.** Award such other and further relief as the Court deems necessary to enforce its orders, preserve the integrity of the settlement agreement, and ensure that Commissioner Captain Ramos is not once again excluded from substantive Commission-related communications.

In San Juan, Puerto Rico, this 28th day of May, 2026.

I HEREBY CERTIFY that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notice of its filing electronically to all attorneys of record.

Respectfully submitted,

**S/ FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
Bar No.: 210510
E-mail: fecolon@colonramirez.com
**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (787) 425-4652/ Fax: (787) 425-4731

**S/GIANCARLO FONT GARCÍA**
GIANCARLO FONT GARCÍA
USDC-PR NO. 210612
gfont@drcprlaw.com
**GIANCARLO FONT**
306 Calle Coll y Toste
San Juan, PR 00918
TEL. (787) 622-6999
(787) 647-1876

**S/ LUIS MANUEL PAVÍA-VIDAL**
LUIS MANUEL PAVÍA-VIDAL
USDC-PR NO. 227205
pavialaw@gmail.com
URB. BALDRICH
COLL Y TOSTE ST. #306
SAN JUAN, PR 00918
TEL. (787) 622-6999

**S/ MIGUEL A. NAZARIO, JR.**
MIGUEL A. NAZARIO,JR.
USDC PR No. 214502
e-mail: man@nblawpr.com
**NAZARIO BRICEÑO LAW OFFICES, LLC**
Cervantes 82,
San Juan, Puerto Rico 00907
Tel. (787) 449-2717