Gmail

**Carlos Ramos <cramos19999@gmail.com>**

---

### FW: Redacción de Resolución

8 messages

---

**Diana Rivera** <compracticaje@prtc.net>                                    Wed, Jun 3, 2026 at 4:26 PM
To: Jessica Ñeco Morales <JNeco@prpa.pr.gov>, Javier Figueroa <javierf@morantug.com>, Carlos Ramos
<cramos@sanjuanbaypilots.com>, Taileen Negron <lcda.negron@yahoo.com>, hiram.rivera@crowley.com, Eduardo Morales
<eduardo2325manuel@gmail.com>

Comisionados,

Se remite para su revisión y aprobación para firma y envio, la Resolución sobre el Cese y Desista en el caso de PRSA vs
SJBP.

Favor de emitir su voto en este correo.

Respetuosamente,

Diana E. Rivera Vélez

Comisión de Practicaje de Puerto Rico

Email: compracticaje@prtc.net

Tel: 787-723-1982 Fax: 787-723-2179

## CONFIDENTIALITY NOTICE:

This e-mail may contain confidential and privileged material for the sole use of the
intended recipient.  **Any review, use, distribution or disclosure by others is
strictly prohibited**.  If you are not the intended recipient (or authorized to receive for
the recipient), please contact the sender by reply e-mail and delete all copies of this
message.

---

**From:** Rafael A. Toro Arsuaga <rafa@toro-arsuaga.com>
**Sent:** Wednesday, June 3, 2026 6:31 AM
**To:** Jessica Ñeco Morales <JNeco@prpa.pr.gov>
**Cc:** Diana Rivera <compracticaje@prtc.net>
**Subject:** Re: Redacción de Resolución

Saludos licenciada,

Según lo solicitado se aneja la Resolución interlocutoria y orden de cese y desista. Le adelanto que según la Regla 11 del Reglamento de procedimientos adjudicativos de la Comisión, se deberá celebrar una vista administrativa en la cual se escuchen los planteamientos de ambas partes para entonces determinar si la orden de cese y desista permanecerá en vigor.

Quedo a sus órdenes.

Atentamente,

**Rafael A. Toro Arsuaga**

rafa@toro-arsuaga.com

TORO & ARSUAGA, LLC

P.O. Box 11064 San Juan, Puerto Rico 00922-1064

Tel (787) 565-7459 / (787) 299-1100

**2 attachments**

 **Resolución y Orden 2026-002.docx**
32K

 **Untitled attachment 00016.htm**
11K

**Medina, Hiram** <Hiram.Medina@crowley.com>                                   Wed, Jun 3, 2026 at 5:15 PM
To: Diana Rivera <compracticaje@prtc.net>, Jessica Ñeco Morales <JNeco@prpa.pr.gov>, Javier Figueroa <javierf@morantug.com>, Carlos Ramos <cramos@sanjuanbaypilots.com>, Taileen Negron <lcda.negron@yahoo.com>, Eduardo Morales <eduardo2325manuel@gmail.com>

Saludos compañeros.
Aprobado.
Hiram

Get Outlook for iOS

**From:** Diana Rivera <compracticaje@prtc.net>
**Sent:** Wednesday, 03 June 2026 16:26:13
**To:** 'Jessica Ñeco Morales' <JNeco@prpa.pr.gov>; Javier Figueroa <javierf@morantug.com>; 'Carlos Ramos' <cramos@sanjuanbaypilots.com>; 'Taileen Negron' <lcda.negron@yahoo.com>; Medina, Hiram <Hiram.Medina@crowley.com>; 'Eduardo Morales' <eduardo2325manuel@gmail.com>
**Subject:** FW: Redacción de Resolución

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]

---

**Jessica Ñeco Morales** <JNeco@prpa.pr.gov>                                    Thu, Jun 4, 2026 at 9:26 AM
To: "Medina, Hiram" <Hiram.Medina@crowley.com>, compracticaje <compracticaje@prtc.net>, Javier Figueroa
<javierf@morantug.com>, Carlos Ramos <cramos@sanjuanbaypilots.com>, Taileen Negron <lcda.negron@yahoo.com>,
Eduardo Morales <eduardo2325manuel@gmail.com>

A favor,
JÑM

Sent from my T-Mobile 5G Device
Get Outlook for Android

**From:** Medina, Hiram <Hiram.Medina@crowley.com>
**Sent:** Wednesday, June 3, 2026 5:15:54 PM
**To:** compracticaje <compracticaje@prtc.net>; Jessica Ñeco Morales <JNeco@prpa.pr.gov>; Javier Figueroa
<javierf@morantug.com>; 'Carlos Ramos' <cramos@sanjuanbaypilots.com>; 'Taileen Negron'
<lcda.negron@yahoo.com>; 'Eduardo Morales' <eduardo2325manuel@gmail.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Javier Figueroa** <javierf@morantug.com>                                    Thu, Jun 4, 2026 at 1:11 PM
To: Hiram Medina <Hiram.Medina@crowley.com>
Cc: Diana Rivera <compracticaje@prtc.net>, Jessica Ñeco Morales <JNeco@prpa.pr.gov>, Carlos Ramos
<cramos@sanjuanbaypilots.com>, Taileen Negron <lcda.negron@yahoo.com>, Eduardo Morales
<eduardo2325manuel@gmail.com>

Saludos,

A favor.

**Javier Figueroa**
**General Manager**
Moran San Juan, Inc.
P.O. Box 16729 | San Juan, PR 00908
787-646-4860- C

# 787-722-1500 – O

# 787-722-1555 – F

E-mail: javierf@morantug.com

On Jun 3, 2026, at 5:16 PM, Medina, Hiram <Hiram.Medina@crowley.com> wrote:

| |
|---|
| **WARNING:** External Sender. This email is from outside of the organization. Do not click links, scan QR codes, or open attachments unless you recognize the sender and know the content is safe |

[Quoted text hidden]

---

**Diana Rivera** <compracticaje@prtc.net>                                    Thu, Jun 4, 2026 at 1:22 PM
To: Javier Figueroa <javierf@morantug.com>, Hiram Medina <Hiram.Medina@crowley.com>
Cc: Jessica Ñeco Morales <JNeco@prpa.pr.gov>, Carlos Ramos <cramos@sanjuanbaypilots.com>, Taileen Negron
<lcda.negron@yahoo.com>, Eduardo Morales <eduardo2325manuel@gmail.com>

Buenas tardes,

Pendiente de recibir voto:

Lcda Negrón

Eduardo Morales

Carlos Ramos

[Quoted text hidden]

---

**Carlos Ramos** <cramos@sanjuanbaypilots.com>                              Thu, Jun 4, 2026 at 1:23 PM
Reply-To: cramos@sanjuanbaypilots.com
To: Diana Rivera <compracticaje@prtc.net>
Cc: Javier Figueroa <javierf@morantug.com>, Hiram Medina <Hiram.Medina@crowley.com>, Jessica Ñeco Morales
<JNeco@prpa.pr.gov>, Taileen Negron <lcda.negron@yahoo.com>, Eduardo Morales <eduardo2325manuel@gmail.com>

**POSICIÓN DEL COMISIONADO CARLOS RAMOS SOBRE EL BORRADOR DE RESOLUCIÓN Y ORDEN**

**CASO CPPR-2026-002**

Por este medio expreso mi desacuerdo con el borrador de Resolución circulado a los comisionados. Emitir el mismo como se encuentra redactado representa un error serio por las siguientes razones:

## I.    LA COMISIÓN NO TIENE POTESTAD PARA RECIBIR UNA PETICIÓN CONTRA LA SAN JUAN BAY PILOTS CORPORATION.

Bajo la Ley 226, las potestades adjudicativas de la Comisión, más allá de asuntos tarifarios, son aquellos indicados en el Artículo 16 y el Artículo 20. No hay otras. El artículo 16 provee para acciones contra un práctico o un práctico aprendiz, y el artículo 20 provee para la suspensión de licencias. Siendo éstos los asuntos que la Comisión puede entender, la Comisión no tiene autoridad legal para evaluar una petición contra San Juan Bay Pilots Corporation.

## II.   NO SE CUMPLE CON EL REGLAMENTO 6643

Regla 11.

### REGLA 11 Procedimiento adjudicativo de acción inmediata

11.1   No obstante lo dispuesto en estas Reglas, la Comisión podrá emitir una resolución o una orden provisional de cesar y desistir sin la celebración de vista, en una situación en que se cause o pueda causar un grave daño inmediato a cualquier embarcación, muelle, puerto, canal de navegación o a una entidad en particular; o cuando exista un peligro inminente para la salud, la seguridad o el bienestar del pueblo de Puerto Rico, y que requiera acción inmediata de parte de la Comisión a tenor con el Articulo 3 (b), de la Ley 226 del 12 de agosto de 1999. Dentro de los 10 días posteriores a la emisión de dicha resolución u orden provisional, la Comisión celebrará una vista administrativa en la que resolverá si dicha orden provisional se hace permanente o se revoca.

*    *    *

11.3   La orden o resolución contendrá una declaración de las determinaciones de hechos, conclusiones de derecho y las razones de política pública que justifican la misma. Las determinaciones de hechos tendrán que estar sustentadas por el expediente.

**Sobre la Regla 11.1:**

¿Cuál es el peligro de grave daño inmediato?

¿o cual es el peligro inminente para la salud, la seguridad, o el bienestar del pueblo de Puerto Rico?

**Sobre la Regla 11.3:**

¿Cuáles son las razones de política pública que justifican la orden?

El Reglamento 6643 requiere contestaciones a estas preguntas, pero LOS NAVIEROS NO ALEGARON UNA EMERGENCIA DE SEGURIDAD. Solamente identificaron, como daño principal, el costo económico asociado a los remolcadores que son aproximadamente $1.5 millones mensuales o $50,000 diario. Estos son alegados daños económicos: no asuntos de seguridad o peligro inminente.

Si una alegación de costos económicos es suficiente para activar la Regla 11, entonces cualquier controversia comercial relacionada con operaciones portuarias podría convertirse en una emergencia administrativa.

## III. YA LA CONTROVERSIA ESTABA PENDIENTE ANTE EL TRIBUNAL

**Ver pág. 2 de la querella:**

### III. ANTECEDENTES

A. La Presentación de la Demanda de Sentencia Declaratoria

4.   La Peticionaria acude ante la Comisión luego de haber presentado el 30 de abril de 2026 una Demanda de Sentencia Declaratoria ante el Tribunal de Primera Instancia, Sala Superior de San Juan, en el caso Asociación de Navieros de Puerto Rico v. San Juan Bay Pilots Corporation, Civil Núm. SJ2026CV03408 (en adelante, la "Demanda"), solicitando que se declare la nulidad de las Safety and Navigation Guidelines adoptadas por la SJBPC el 14 de febrero de 2026 (en adelante, las "Guías"). Copia de la Demanda se acompaña como **Exhibit A** y se incorpora íntegramente a esta solicitud. La Peticionaria comparece ahora ante la Comisión para solicitar el remedio provisional indispensable para evitar que el daño causado diariamente por la implementación de las Guías continúe acumulándose y agravándose mientras el Tribunal resuelve la controversia sobre su validez.

Además de que la controversia sobre la legalidad de las Guías ya había sido previamente sometida al Tribunal, de la oración señalada previamente de la querella, la Comisión no estaba llamado a declarar nula las Guías de Seguridad; la querellante compareció ante la Comisión únicamente para solicitar el remedio provisional de cese y desista.

El borrador de la resolución pretende reconocer que la controversia sobre la legalidad de las Guías no está ante su consideración, y señala que "la presente Resolución no constituye una adjudicación final sobre la validez o nulidad de dichas Guías ni sobre los méritos de la controversia judicial pendiente." Sin embargo, procede y en efecto decide lo que alega que no está decidiendo:

"Luego de analizar la presentación de la Querella y las Guías al amparo de los procedimientos establecidos por la LPAU y la votación que se llevó a cabo en la Reunión Extraordinaria de la Comisión el pasado 26 de mayo de 2026, la Comisión ha determinado que las denominadas Safety and Navigation Guidelines no fueron aprobadas de conformidad a los requisitos de reglamentación que impone la LPAU."

## IV. LAS SAFETY GUIDELINES NO SON LEYES; SON GUÍAS DE SEGURIDAD PROFESIONAL QUE REFLEJAN EL CONSENSO TÉCNICO DE LOS PRÁCTICOS

Es **fundamental** comprender qué son las Safety Guidelines dentro de la industria marítima. Las asociaciones de prácticos alrededor del mundo desarrollan guías de seguridad basado en

- conocimiento local;

- experiencia operacional;

- responsabilidad directa sobre la seguridad de las maniobras

Y se preparan las Guías para:

- promover uniformidad operacional;

- recopilar experiencia acumulada;

- establecer mejores prácticas;

- minimizar riesgos;

- fomentar operaciones seguras.

Estas guías normalmente:

**No son**

- leyes;

- reglamentos gubernamentales;

- órdenes administrativas.

**Sí son**

- estándares profesionales;

- recomendaciones técnicas;

- mejores prácticas operacionales;

- expresiones colectivas del juicio profesional de los prácticos.

La Comisión puede evaluar esas recomendaciones. La Comisión puede discrepar. La Comisión puede iniciar procesos reglamentarios. Lo que no puede hacer es ignorar que dichas Guías constituyen el criterio técnico de los propios expertos encargados de ejecutar las maniobras.

## V. ELIMINAR LAS GUÍAS NO ELIMINA EL JUICIO PROFESIONAL DEL PRÁCTICO

La Resolución parece sugerir que por virtud de la Orden de Cese y Desista, los pilotos no podrán implementar medida alguna contenida en las Guías. Pero:

La Ley 226 reconoce que el práctico es la persona experimentada, versada y diestra que, a través de la práctica, adquiere el conocimiento del lugar en que navega cualificándolo para dirigir y dirige a vista el rumbo de las embarcaciones.

La Comisión no puede obligar a un práctico a realizar una maniobra que este considere razonablemente insegura, y en la misma vertiente, no puede impedir que un práctico tome las medidas que estime necesario para realizar un movimiento de manera segura.

Por tales razones, disiento de la Resolución propuesta.

**<u>Solicito que este documento sea sometido a consideración legal antes de emitir una determinación final.</u>**

[Quoted text hidden]

---

**Taileen Negron** <lcda.negron@yahoo.com>                                          Tue, Jun 9, 2026 at 11:37 AM
To: Diana Rivera <compracticaje@prtc.net>, Javier Figueroa <javierf@morantug.com>, Hiram Medina <Hiram.Medina@crowley.com>
Cc: Jessica Ñeco Morales <JNeco@prpa.pr.gov>, Carlos Ramos <cramos@sanjuanbaypilots.com>, Eduardo Morales <eduardo2325manuel@gmail.com>

Saludos,

A favor.


Lcda.Taileen Negrón Rivera
[Quoted text hidden]

---

**Eduardo Morales** <eduardo2325manuel@gmail.com>                                   Fri, Jun 12, 2026 at 9:09 PM
To: Taileen Negron <lcda.negron@yahoo.com>
Cc: Diana Rivera <compracticaje@prtc.net>, Javier Figueroa <javierf@morantug.com>, Hiram Medina <Hiram.Medina@crowley.com>, Jessica Ñeco Morales <JNeco@prpa.pr.gov>, Carlos Ramos <cramos@sanjuanbaypilots.com>

Saludos,

Voto a favor.

EMM
Sent from my iPhone

> On Jun 9, 2026, at 11:39 AM, Taileen Negron <lcda.negron@yahoo.com> wrote:

> Saludos,
[Quoted text hidden]