**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CAPT. JAKE ELMSTROM, et al. | CIVIL NO.  25-CV-01462 (SCC) |
| PLAINTIFFS, | RE: COMPLAINT; PRELIMINARY AND PERMANENT INJUNCTION; DECLARATORY JUDGMENT IN ADMIRALTY |
| v. | |
| NFENERGIA LLC, et al., | |
| DEFENDANTS. | |

**OPPOSITION TO PLAINTIFFS' MOTION FOR SUPPLEMENTAL COMPLIANCE, DISCLOSURE OF COMMUNICATIONS AND DRAFTS, AND FURTHER RELIEF**

**TO THE HONORABLE COURT:**

COME NOW Defendants the Pilotage Commission of Puerto Rico (hereinafter, the "Commission"), and attorney Jessica Ñeco Morales in her official capacity as the Commission's President (hereinafter, the "President" or "Attorney Ñeco Morales"), (collectively, the "Defendants"), through the undersigned counsels, and respectfully file this "Opposition to Motion For Supplemental Compliance, Disclosure of Communications and Drafts, and Further Relief". In support thereof, the appearing Co-defendants show unto the Court as follows:

1. On June 22, 2026, Plaintiffs filed a "Motion For Supplemental Compliance, Disclosure of Communications and Drafts, and Further Relief Regarding Compliance with the Court's May 26, 2026 Opinion and Orden". *Dkt. No. 298*.

2. In their motion Plaintiffs request this Honorable Court to order the appearing parties to supplement their weekly compliance certifications and "disclose the communications, instructions, drafts, redlines, and related materials concerning Resolution and Order 2026002", which Plaintiffs claim "appear" to have been generated or exchanged outside the full Commission email chain and without Plaintiff Commissioner Captain Carlos Ramos.

3.    In support of their motion Plaintiffs attach an Application for Cease and Desist Order ("Complaint"), filed by Asociación de Navieros de Puerto Rico, Inc. against Plaintiffs San Juan Bay Pilots Corp. before the Commission, on April 30, 2026. *See*, Dkt No. 298-2.

4.    According to the Complaint, Asociación de Navieros filed on April 30, 2026 a Petition for Declaratory Judgment before the Court of First Instance, San Juan Part, requesting that the Safety and Navigation Guidelines adopted by Plaintiffs be declared null and void. The Asociación de Navieros requested the Commission to issue a provisional cease and desist order, ordering Plaintiffs to refrain from imposing compliance with tugboat requirements as a condition of pilotage service, time restrictions or any other operation requirement set for in the Safety and Navigation Guidelines of February 14, 2026; refuse condition, limit or delay the provision of pilotage services to any vessel by reason of non-compliance with the Guidelines; and require any operator, agent or vessel to contract tugboat services based solely on the Guides and not on valid regulatory provision or agreement of parties pursuant to Rule 14 of Regulation 7214, and other related remedies.

5.    On May 13, 2026, the Commission convened and held an extraordinary meeting with a majority of Commissioners, including Captain Ramos, to consider the request for the cease-and-desist order filed by the Asociación de Navieros. During the meeting, Commissioner Captain Ramos objected to considering the request because it had not been submitted using the Commission's official complaint form. Commissioner Javier Figueroa agreed with Commissioner Captain Ramos's concern and moved that the Commission require all complaints to be filed on the Commission's official complaint form before being considered. The motion was unanimously adopted. Consistent with Commissioner Captain Ramos's recommendation, the Commission directed that the complaint be returned to the complainant with instructions to

2

complete the Commission's official complaint form before the matter would be considered further.

6.      Thereafter, the Asociación de Navieros complied with the Commission's directive and formally resubmitted the complaint using the required form (Complaint No. 2026-002).

7.      On May 26, 2026, the Commission reconvened another extraordinary meeting with a majority of Commissioners, including Captain Ramos, to consider Complaint No. 2026-002. At the outset of the meeting, the President of the Commission expressly acknowledged that the Commission was proceeding on the complaint because the Asociación de Navieros had followed the recommendation adopted at the May 13 meeting and had submitted the complaint in the proper format. During the May 26 meeting, Commissioner Captain Ramos fully presented his objections to the requested relief, arguing that the matter was already before the courts, that Rule 11 of the Commission's regulations did not authorize the requested cease-and-desist order, and that granting the requested relief would interfere with navigation safety measures.

The remaining Commissioners expressed a different legal interpretation, concluding that the Commission's inquiry was limited to whether the San Juan Bay Pilots had complied with the applicable administrative procedures under Puerto Rico law for the implementation of the Safety and Navigation Guidelines adopted by the Commission. Commissioner Captain Ramos was afforded a full opportunity to present his views, respond to the other Commissioners' comments, and participate in the deliberations.

8.      Following the discussion, the Commission voted five (5) to one (1) in favor of granting the requested relief. Commissioner Ramos cast the sole dissenting vote. Only after the Commission reached its collective decision the Commission's Secretary was instructed to transmit the corresponding Resolution and Order memorializing the Commission's vote to its

3

attorneys for final review. The meeting was then adjourned. Captain Ramos raised before all the Commissioners in broad terms the same issues Plaintiffs raised in their motion for supplemental compliance, which were the same issues Captain Ramos raised in his June 4, 2026, email addressed to all Commissioners, which Plaintiffs attached as Exhibit 3 to the motion. *See*, Dkt No. 298-3.

9.    As a result of the May 26, 2026, meeting and what the Commissioners discussed, a draft of the Resolution on the Cease and Desist was sent by the Commission's secretary Diana E. Rivera Velez, to all the Commissioners, including Captain Ramos, for their review, approval, signature and transmittal. *See*, Dkt. No. 298-4. This has always been the procedure followed by the Commission.

10.    Certainly, Law No. 226 of August 12, 1999 (Law 226-1999) confers Attorney Jessica Ñeco executive and administrative authority. Specifically, Article 6 of Law 226-1999, grants the President of the Commission independent discretionary authority in operational matters, thus imposing on the President an affirmative duty to serve as the agency's executive officer. This status carries inherent executive authority that flows from the nature of the office itself, independent of any delegation by the Commissioners. This implies that the President has authority to coordinate with legal counsel on regulatory and operational matters.

11.    The statutory structure necessarily implies that the President possesses authority to act on operational matters between the Commissioners' meetings. To hold otherwise would create an untenable governance vacuum. The statutory scheme cannot rationally be interpreted to require full Commission convening for every administrative matter or attorney consultation.

12.    Plaintiffs' position improperly seek to transform the President's office into one subject to Plaintiffs' personal oversight; more specifically Captain Ramos' personal oversight,

4

attempting to grant a co-Presidential authority, which is unwarranted under any circumstance. The law vests the President with the authority and responsibility to conduct the Commission's day-to-day operations, exercise administrative judgment, and manage its affairs in the ordinary course. Those functions necessarily require discretion and cannot be conditioned upon the approval or preferences of a single commissioner. To hold otherwise would permit one member of a multi-member body to interfere with the routine administration of the Commission, contrary to the structure and purpose of a collegial governing body.

13.    Plaintiff is but one member of the Commission and possesses no greater authority than any other Commissioner acting individually. The powers of the Commission are exercised collectively through duly authorized action of the body as a whole. Absent formal action by the Commission, Plaintiffs have no legal basis to micromanage the President's performance of her administrative duties or to dictate how the day-to-day affairs of the Commission are carried out.

14.    Notwithstanding the above, and as Exhibit 4 of the motion filed by Plaintiffs show, Captain Ramos was copied on the email chain between Attorney Ñeco Morales and counsel regarding the matter at issue and was therefore kept fully apprised of the communications. The exhibit also shows that the Commissioners voted on the issue, and that Captain Ramos expressed his point of view, once again. The issue is not whether Plaintiff was made aware of a preliminary request to counsel, but whether the resolution itself was duly discussed by the Commissioners and submitted to all of them for their vote, which it was.

15.    On the other hand, it must be noted that Plaintiffs attempt to manufacture a controversy out of the routine administrative process by suggesting that the June 11, 2026 email somehow concealed material information. The fact that the email stated that the revised Resolution and Order 2026-002 was being circulated "per instructions" does not create any

5

inference of impropriety, or an alleged attempt to exclude Captain Ramos from any communication. Attorney Ñeco Morales, as president of the Commission, is responsible for the Commission's day-to-day operations, including coordinating with legal counsel regarding revisions to proposed resolutions. Captain Ramos is aware that Secretary Diana Rivera routinely receives instructions from Attorney Ñeco Morales when drafts or final Resolutions of the Commission are sent to all Commissioners for their review, vote, signature and transmittal. *See*, Docket No. 298-5.

16.     Plaintiffs' insistence on knowing who instructed counsel, who requested revisions, or what communications preceded the circulation of the revised draft reflects an inordinate attempt to micromanage the President's performance of her administrative responsibilities rather than identifying any procedural or legal defect in her actions. As one Commissioner among several, Plaintiff Captain Ramos has no legal entitlement to supervise the President's routine communications with counsel, or to demand participation in every preliminary step of the drafting process. His dissatisfaction with those internal administrative communications provides no basis for the extraordinary relief Plaintiffs seek.

17.     As the June 11, 2026, email shows, the Commission's secretary sent an email to all Commissioners attaching a final draft of the Resolution and Order for vote, approval and signature. This, after the cease-and-desist complaint was discussed among commissioners in two (2) separate extraordinary meetings.

18.     Plaintiffs' request to review instructions, drafts, redlines, as well as text messages and WhatsApp communications, among other, serves no purpose, as Captain Ramos had both versions of the draft; the one he received on June 3, and the one he received on June 11. He could have easily compared what changes were made to the final draft.

19.    On the other hand, the appearing party informs this Court that an administrative hearing was held yesterday, June 25, 2026, before an impartial Administrative Judge, who will rule upon the preliminary measures taken by the Commission regarding Complaint No. 2026-002. At the Administrative Hearing both parties to Complaint 2026-002 were present, including Plaintiffs.

20.    The appearing party has fully complied with this Court's May 26, 2026 Opinion and Order, as Captain Ramos, as well as the other Commissioners have been notified of all resolutions and letters, and notice of meetings in accordance with Law 226. Captain Ramos has not been excluded from any substantive Commission-related communications.

21.    Plaintiff was afforded exactly the process to which he was entitled to. He participated in the May 26, 2026, extraordinary meeting, where he fully presented his objections, engaged in extensive discussion with the other commissioners, and casted a vote. The fact that Plaintiff was not consulted regarding every administrative instruction exchanged between the President and counsel does not constitute exclusion from the Commission's proceedings and creates no basis for judicial intervention.

22.    Plaintiffs' requests go far beyond the challenged Resolution and instead demand the disclosure of every instruction, draft, internal communication, email, text message, WhatsApp message, revision, comment, metadata entry, and communication among Commission personnel, counsel, third parties, and even nonparties, together with continuing certifications of future communications. Nothing in the Settlement Agreement, the Court's May 26, 2026 Opinion and Order, or the Commission's governing statutes imposes such obligations.

23.    Plaintiffs' proposed relief would effectively require the President to provide running reports to each individual Commissioner regarding every instruction given, every draft

prepared, every revision made, every communication with counsel, and every administrative action taken in connection with Commission's business. This relief would be wholly unworkable, would substantially interfere with the President's ability to discharge her administrative responsibilities, and is legally untenable.

24.    Taking into consideration the above, the appearing party respectfully requests this Court to deny Plaintiffs' Motion for Supplemental Compliance, and conclude that the appearing party has complied with the terms of the agreement and this Court's orders.

WHEREFORE, Co-defendants respectfully request that this Honorable Court deny Plaintiffs' requests and rule that the appearing Co-defendants have complied with the terms of the agreement and this Honorable Court's orders.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico this 26th day of June of 2026.

**WE HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**MANUEL PORRO VIZCARRA**
**LAW OFFICES**
382 Ave. Escorial
Urb. Caparra Heights
San Juan, PR 00920
Telephone 787-774-8200
Facsimile 787-774-8297


**/S/Manuel Porro-Vizcarra**
USDC # 207006
mpv@mpvlawpr.com