THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAPT. TOMAS BUSTO-ALVAREZ et al.,<br><br>Plaintiffs<br><br>v.<br><br>NFENERGIA LLC et al.,<br><br>Defendants | CIVIL NO.: 25-1462 (SCC) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A LIMITED SURREPLY**

TO THE HONORABLE COURT:

COME NOW Plaintiffs, through their undersigned counsels, and very respectfully request leave to file a short and limited surreply addressing new arguments, authorities, and characterizations first developed in NFEnergia LLC's ("NFE") Reply at Docket No. 337. In support, Plaintiffs state as follows:

1. NFE filed its Motion to Dismiss at Docket No. 326, Plaintiffs opposed at Docket No. 328, and NFE replied at Docket No. 337.

2. Plaintiffs recognize that surreplies are not ordinarily contemplated and do not seek to repeat their Opposition. Leave is warranted because the Reply presents new or materially expanded arguments and authorities to which Plaintiffs otherwise have no opportunity to respond.

3. First, the Reply newly develops an individualized amount-in-controversy theory. It contends that Plaintiffs abandoned the TAC's valuation theory, that the integrated operational framework must be valued separately for each Plaintiff, and that *Rosario Ortega v. Star-Kist Foods, Inc.*, 370 F.3d 124 (1st Cir. 2004), and *Stewart v. Tupperware Corp.*, 356 F.3d 335 (1st Cir. 2004), defeat diversity jurisdiction. Docket No. 337 at 3-5. The proposed surreply distinguishes those separate-claim cases and explains why this newly developed diversity

argument cannot support wholesale dismissal where §§ 1331 and 1333 were independently pleaded.

4. Second, the Reply newly relies on *Slotnick v. Staviskey*, 560 F.2d 31 (1st Cir. 1977), *Francis-Sobel v. University of Maine*, 597 F.2d 15 (1st Cir. 1979), and *Bolet v. Puerto Rico Electric Power Authority* to demand heightened "specificity" for Count V. *Id.* at 8. It also characterizes the TAC as relying on "timing alone," overlooking allegations identifying NFE's request, pre-order communications, the state actor and challenged order, the targeted speech, and the alleged common objective. See TAC ¶¶ 85-97, 168-171, Docket No. 313. The proposed surreply addresses those new authorities and applies the governing Rule 8 standard.

5. Third, the Reply newly argues that compulsory pilotage makes each vessel movement an isolated event and defeats recurrence under *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). Docket No. 337 at 6-7. The proposed surreply responds that compulsory pilotage does not erase NFE's continuing LNG operation, repeated interaction with the same limited group of pilots, unresolved safety dispute, or recurring Commission process.

6. Plaintiffs maintain that the TAC sufficiently alleges recurrence. Alternatively, Exhibits A-C demonstrate that any perceived deficiency is curable. Exhibit A confirms that the Commission received SJBPC's complaint on May 26, 2026, assigned Case No. CPPR-2026-003, and stated it would convene an extraordinary meeting "as soon as possible"; Exhibit B is the complaint concerning the May 5 entry maneuver of NFE's LNG/C *Energos Maria*; and Exhibit C is Miguel A. Nazario, Jr.'s unsworn declaration confirming that no hearing has occurred or been scheduled. Only forty-one days had elapsed when Plaintiffs filed the TAC on July 6, whereas more than ninety days had elapsed by September 1. Plaintiffs do not contend that delay alone proves

renewed coordination or retaliation and offer these materials solely to show that amendment would not be futile.

7. Finally, the Reply admits that NFE's Motion did not separately address § 1333, but calls Plaintiffs' reliance on the admiralty jurisdiction expressly pleaded in TAC ¶ 5 "new." Docket No. 337 at 1-2. The proposed surreply briefly corrects this characterization.

8. The Proposed Limited Surreply, submitted as Attachment 1, is confined to these matters and does not exceed seven pages. Allowing it will cause no unfair prejudice and will assist the Court in resolving arguments first developed in NFE's final permitted filing.

WHEREFORE, Plaintiffs respectfully request that the Court:grant Plaintiffs leave to file the Proposed Limited Surreply submitted as Attachment 1, limited to seven pages and addressing the new arguments, authorities, and characterizations raised in NFE's Reply at Docket No. 337. } deem Attachment 1 filed upon entry of the Court's Order; and

grant any further relief the Court deems just and proper.

In San Juan, Puerto Rico, this 8th day of September, 2026.

I HEREBY CERTIFY that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notice of its filing electronically to all attorneys of record.

Respectfully submitted,

**S/ FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
USDC-PR Bar No.: 210510
E-mail: fecolon@colonramirez.com
**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (787) 425-4652/ Fax: (787) 425-4731

**S/GIANCARLO FONT GARCÍA**
GIANCARLO FONT GARCÍA, ESQ.
USDC-PR Bar No.: 210612
gfont@drcprlaw.com
Urb. Baldrich
306 Calle Coll y Toste
San Juan, PR 00918
Tel.: (787) 622-6999/ (787) 647-1876

**S/ LUIS MANUEL PAVÍA-VIDAL**
LUIS MANUEL PAVÍA-VIDAL, ESQ.
USDC-PR Bar No.: 227205
pavialaw@gmail.com
Urb. Baldrich
306 Calle Coll y Toste
San Juan, PR 00918
Tel.: (787) 622-6999

**S/ MIGUEL A. NAZARIO, JR.**
MIGUEL A. NAZARIO, JR., ESQ.
USDC-PR Bar No.: 214502
e-mail: man@nblawpr.com
**NAZARIO BRICEÑO LAW OFFICES, LLC**
Cervantes 82,
San Juan, Puerto Rico 00907
Tel. (787) 449-2717